Mr. Justice GRIER
 

 delivered the opinion of the court.
 

 The statement of the evidence made by the court below is in the nature of a special verdict, and conclusive as to the facts of the ease.
 

 The only question for our consideration is whether the judgment of the court thereon is erroneous.
 

 The plaintiffs claim, as the heirs of Saulet, a parcel of land now forming a part of the batture, in Hew Orleans, and a part of the levee of the city.'
 

 The defendant, in his answer, “claims to have been in uninterrupted and peaceable possession in good faith and under just title for more than twenty years, of the property or estate to which the said land sued for is attached and belongs, as long as the same has existed, and, under the said titles, he pleads the prescription of ten, twenty, and thirty years.” The court below finds the facts to be as stated in this plea, and decide the plea of prescription in favor of the defendant.
 

 The civil code of Louisiana declares that the accretions which are formed successively and imperceptibly to any
 
 *508
 
 soil situated on the shores of any creek or run, are called alluvions.
 

 The right to alluvion depends upon the fact of the contiguity of the estate to the river. Before there can be a right to accession or accretion there must be an estate to which the accession can attach. The plaintiffs’ claim seems to be founded on the notion that the right to alluvion adhered to the original plantation, and not to the particular portion of it that borders on the river. They'assume that it stretches over the lots that have been sold fronting on the river, and debars them from any extension from improvements or natural causes. The case of
 
 Gravier
 
 v.
 
 The City of New Orleans,
 
 quoted in the record, has the following statement of the law on this subject. The court in that case says:
 

 “ If Gravier had continued proprietor of the whole tract on which the faubourg has been established, there would have.been no difficulty in determining his title to the allu-vion. But Gravier has divested himself of all title to that part of his tract on which the faubourg is situated, by the establishment of the faubourg, and by selling the lots fronting and adjoining the highway. It is, therefore, important to inquire what was the situation of the batture or alluvion in question at the time when the faubourg was established, or at least when the front lots were sold, for if no alluvion existed at the time when Gravier ceased to be the owner of the land adjoining the highroad, then it is the opinion of the court that an alluvion subsequently formed would not become the property of Gravier. The reason of this opinion is, that if Gravier could be considered as the proprietor of the road after selling the adjacent land, or of the levee lying between this road and a public river, he would nevertheless, not possess that kind of property which gives the right of alluvion, for the destruction of this property by the encroachments of the river would be a public and not a private loss, since it could not be appropriated to the private use of any individual, and the said road and levee would have become necessarily liable to be kept in repair at the public expense.”
 

 
 *509
 
 The case stated hy the court brings this case within the principles established by the court in that.
 

 The matter of fact decided by the court was that the defendant had possessed the property for the full period required hy the laws of the State under all the conditions which those laws demand: a possession of thirty years under claim; a possession of ten years under just titles and in good faith. The map will show that the division-line between the De Lord and Saulet suburbs which had been established in 1763, and acquiesced in by the parties, passed through the upper corner of the lands of the Orleans Cotton Dress, and did not touch the land in dispute, which is an accession in front of the said lots. The facts as found sustain, therefore, the defendant’s plea, and the judgment of the Circuit Court is
 

 AFFIRMED ACCORDINGLY.