MISSISSIPPI COUNTY, Defendant in Error, *v.* GEORGE W JACKSON *et al.*, Plaintiffs in Error.

1. *Collector, bond of — Motion for judgment, form of.*—In a motion for judgment against a collector and his sureties, under the statute, for moneys due the State (Wagn. Stat 1209, § 128), the motion should describe the official character of the collector, the specific collections made by him, and his default, and the fact that those sought to be charged are sureties on his official bond. But it need not set out the bond in detail. In such case the formalities of ordinary pleading are not required.

2. *Collector, action on bond of — Defenses — Illegal collections — Estoppel.*— A county collector is estopped from setting up, as a defense to an action on his bond therefor, that he acted illegally in collecting moneys, and for that reason is not officially responsible.

3. *Revenue — County jails — Taxes may be levied for.*— County Courts may levy taxes for the building of county jails. The statute (Wagn. Stat. 402) contains no provision which forbids such levy.

*Error to Mississippi Circuit Court.*

*Watkins, Ward* and *Patterson,* for plaintiffs in error.

*Louis Houck* and *G. N. Hatcher,* for defendant in error.

BLISS, Judge, delivered the opinion of the court.

Defendant Jackson was sheriff and tax collector for Mississippi county for the years 1870 and 1871, and the other defendants were sureties upon his bond. The County Court had assessed a tax for the year 1870 called a "jail tax," for the purpose of building a county jail, and at the settlement of Jackson, in February, 1871, as tax collector, about $2,200 was found to be in his hands as collected upon the jail tax, which amount he has never paid into the county treasury. In October, 1871, the plaintiff filed a motion in the Circuit Court, under section 128 of the then revenue act (Wagn. Stat. 1209), to charge the collector and his sureties, and judgment was rendered against them, which is brought here by error.

The defendants first charge that the motion was insufficient in form, inasmuch as it failed to set out the bond in detail, claiming that such motion should contain all the allegations and exhibits of a petition in an original proceeding. The motion recites that defendant Jackson was collector of the county revenue for the years 1870 and 1871 ; that he collected the county revenue and stands indebted to the plaintiff in the sum of $2,202.65 upon such revenue, called "jail tax," upon settlement with the County Court, on the 8th of February, 1871, according to law ; that the amount so found due has not been paid to the county treasurer ; that said defendants, Swank and others, naming them, are sureties upon the collector's bond of said Jackson ; that said Jackson and said Swank and others, being the present defendants, and a portion only of the sureties, have been notified of this motion : and after the recitals plaintiffs move for judgment.

The statute does not specify what the motion shall contain, only as must be implied from its character and from the notice required. The notice must inform the collector and his sureties

that at the next term of the court a motion will be made for judgment against them for the amount due to the State or county, as the case may be, and for the penalty; and from the character of the motion it is implied that it describe the official character of the collector, the specific collections made by him, and his default, and the fact that those sought to be charged are sureties upon his official bond. It would be well to set out the bond, but the statute does not require it either directly or indirectly, and as this is a purely statutory proceeding, we are not permitted to require the formalities of ordinary pleadings. If we made the requirement, then we must hold parties to the rules of pleading, and, according to them, defendants, before going to trial, must object to informalities or want of clearness and definiteness, that the pleading may be amended. The parties appeared and made no objection to the motion upon this ground. But the motion is not radically defective in this regard. It refers to the official bond of the collector and describes the defendants as principal and sureties upon it. There could be no deception as to its character, and when introduced as evidence it sustained the brief description of it.

Defendants further contend that the County Court had no right to make the assessment called the "jail tax," and therefore all that was collected upon it was a voluntary payment, and the collector is not holden upon his official bond for not paying over the same. To this it may be replied: first, the collector is estopped from setting up the fact, even if true. Armed with his tax-list, and demanding payment according to such list, the payments he receives are made to him in his official character, and he will not be permitted to say that he acted illegally and is therefore not officially responsible for money collected. Inhabitants, &c., v. Moan, 30 Me. 347; and Bell v. R.R. Co., 4 Wall. 508, is a parallel case. But, second, the record does not show that the assessment was illegal. The statute provides (Wagn. Stat. 402, § 1) that there shall be erected in each county a good courthouse and jail, and further, that the County Court may issue bonds for the purpose, etc. Counsel contend that because the County Court may build a jail upon credit, that it cannot levy taxes for the purpose. County buildings are ordinarily built out

of the general revenue of the county, and within the limits of that revenue the county authorities may act at their discretion. It cannot be pretended that they must build on credit; that, if the general revenue is sufficient, they are forbidden to use it for that purpose; nor will it be pretended that they cannot regulate the amount to be raised, with reference to the county necessities in that regard. If twenty-five cents on the hundred dollars be sufficient for ordinary expenses, and twenty-five cents more are required for the purpose of building a jail, then the court may direct the levy of fifty cents, and use the money so raised for such ordinary expenses and for such building. But suppose they made the levy separately for each purpose, the tax-books specifying that so much was for a jail, would there be anything unlawful in that, if the whole was within the general limit? Certainly not; and in order to make any show of defense in this regard, it should be shown that this jail tax was over and above the amount the County Court was authorized to levy for the general revenue of the county. This excess does not appear, and there is nothing in this defense.

The other judges concurring, the judgment will be affirmed.