LIDE HENRY, EXECUTRIX, ET AL., Respondents, v. CHARLES C. BASSETT, Appellant.

Kansas City Court of Appeals, June 14, 1886.

CASE ADJUDGED.—This cause was before the supreme court, and is reported in 75 Missouri Reports, 89. After a reversal there, the answer was amended on a second trial, and a portion thereof stricken out, the exception to which has not been saved. The action of the court in giving and refusing instructions, excepting the eighth, asked by defendant, is fully justified by the decision of the supreme court. But the court erred in refusing instruction number eight, based on an outlay of three hundred dollars, ex-

pended by defendant in defending injunction suits brought by plaintiffs' intestate, connected with the transaction in controversy. Upon condition of entering *remittitur* of that amount and interest within ten days, the judgment will be *affirmed;* otherwise the judgment will be *reversed* and remanded. *Hall, J.,* concurs in separate opinion. *Philips, P. J.,* concurs in *reversal* only, in separate opinion.

Appeal from Bates Circuit Court, Hon. J. B. Gantt, Judge.

*Affirmed upon condition of remittitur.*

*Reversed if remittitur is not made in ten days.*

Statement of case by the court.

The respondents' testator, A. Henry, filed his petition in the circuit court of Bates county, on the tenth of March, 1877, stating that the appellant, C. C. Bassett, on the twenty-ninth of May, 1876, was indebted to him in the sum of $3,500; that on said day, Mount Pleasant township, in Bates county, owed him and appellant seven thousand dollars for legal services theretofore rendered by them jointly, under a contract with said township; that on said day the appellant, and the acting chairman of the township board, in and for said township, combined and concluded together to defraud him, said Henry, out of his half of said debt, by calling said township board together, and inducing it to issue to appellant an order on the treasurer of the township for seven thousand dollars, on account of the indebtedness due him, said Henry, and appellant jointly; that this was done for the purpose of defrauding him out of his half of said debt; that said order was issued and delivered to appellant; that it bore six per cent. interest from said day; that it was converted by appellant to his own use, and that he failed and refused to pay him, said Henry, any part thereof; wherefore he prayed for judgment, etc.

To this petition the defendant (appellant here) filed

answer, denying, specifically, each of the allegations therein contained ; and setting out, substantially, that the county court of Bates county had issued ninety thousand dollars in bonds for said Mount Pleasant township ; that said county had refused to pay the interest that had accrued on said bonds, in consequence of which the holders thereof had brought suit thereon, in the circuit court of the United States ; that said township entered into a contract with them, appellant and said Henry, to appear in the defence of the suits that had been brought, and test the validity of said bonds ; that the said contract, by its terms, required them (appellant and said Henry) to appear and defend against the actions brought on said bonds ; and that if they complied with said terms, and said bonds were declared invalid, the said sum was to be paid, etc.

The answer further states that, at the time said contract was made, it was distinctly understood and agreed between them that appellant was to take charge of and manage the cases, and that said Henry was to allow him a reasonable compensation therefor, to be deducted from his portion of said fee ; and that each was to pay half the expenses actually incurred in that behalf. Appellant further states that he performed much labor and spent a great amount of money and time in performing his duties under said contract ; that pursuant to an understanding with one Childs, the supervisor of said township, had at the time they entered into said contract, he employed Glover & Shepley, of St. Louis, to assist in the defence of said suits ; that in the case of *Harshman v. Bates county*, a decision was obtained declaring said bonds void ; that thereupon appellant went before the township board, and, in good faith, secured a warrant on the treasurer ; that since said warrant was issued and delivered to him, the case of *Winter v. Bates County* was reversed in the Supreme Court of the United States ; that said case was remanded to the lower court ; that it has been tried in the latter, and

again decided adversely to the county, and that it was thereafter appealed to the Supreme Court of the United States, where it is now pending.

Appellant (defendant in this action) states that said Henry failed, neglected, and refused to comply with any of the terms of said contract with said county ; that he never performed any labor whatever in the several suits brought against said county on said bonds ; that of the expenses attending said litigation, he paid his proportion of such as were made at the first term of the court, to-wit, forty-seven dollars ; that he, thereafter, failed, neglected, and refused, to pay any other or further sum necessarily attending said litigation, and abandoned the contract, and left appellant to comply with the terms thereof, and bear all expenses of said litigation ; that said warrant was issued and delivered to appellant because he had performed the labor which was to be performed under said contract ; that the expenses paid by him in said litigation aggregated one thousand and five hundred dollars in addition to the two thousand dollars paid Glover & Shepley ; that of this sum, said Henry has paid but forty-seven dollars, and failed and refused to pay any more ; that after said warrant was issued and delivered to appellant, and he was proceeding to collect it, said Henry, and others, instigated by him, resisted the collection thereof, appellant being one of the plaintiffs in two actions instituted for that purpose, and acting as attorney therein, and claiming that no such contract as he now sets up was entered into by said township, and that any claim under the same was fraudulent and void. That defendant, in defending these injunctions, expended three hundred dollars.

To this answer of appellant, the reply was a general denial. A part of appellant's answer was, on motion, struck out, but the striking out thereof is not assigned as error in his motion for a new trial. Judgment was rendered for Henry for $2,380, and an appeal was granted.

BOGGESS & MOORE, for the appellant.

I.   A refusal top ay his proper share of the expense attending the defence of said suits, as and when the same accrued, and when so requested by defendant, was an abandonment of said employment, and of all right to share in the fees therefor.   *Henry v. Bassett*, 75 Mo. 89.

II.   As the evidence indisputably proves that the whole of the money specified in said warrant had "not been paid, either when the suit was brought, nor at the time of the trial thereof, the suit was prematurely brought.

III.   The finding of the court did not embrace all the issues, and is, therefore, erroneous.   *Frederick v. Logan*, 1 Mo. 401 ; *Caldwell v. Stephens*, 57 Mo. 589 ; *Barksdale v. Appleby*, 23 Mo. 389.

IV.   The instructions given on both sides are irreconcilably inconsistent with each other.   The finding of facts does not warrant the judgment rendered.   Both are inconsistent with the law, as declared by the court, and neither is warranted by the evidence.   It cannot be intelligently discerned on what theory the case was determined.   *Bogarts v. Miller*, 63 Mo. 207 ; *Thompson v. Babb*, 5 Mo. 384.

V.   The only action the testator could properly have brought would have been for an account to have a receiver appointed, etc.   *Bond v. Bemis*, 55 Mo. 524 ; *McKnight v. McCutcheon*, 27 Mo. 436 ; *Scott v. Caruth*, 50 Mo. 120 ; *Wright v. Jacobs*, 61 Mo. 19.

A. COMINGO, for the respondents.

I.   Respondents' testator sued to recover money had and received by appellant.   The answer is, in effect, a general denial, and it also presents a special plea in bar.   The issues thus presented were found for the plaintiff by the trial court.   This finding will not be disturbed by this court, even if it should appear to be

against the weight of evidence. To this rule there are no exceptions.

II. Defendant had a right to collect the money for which plaintiff sued ; and payment to him was a discharge of the joint contract on account of which it was paid. *Henry v. Mt. Pleasant Township*, 70 Mo. 500 ; *Shepard v. Ward*, 8 Wend. (N. Y.) 542 ; 2 Parsons Cont. (3 Ed.) 126.

III. Defendant and plaintiffs' testator were jointly interested in the contract between them and Mount Pleasant township. *Henry v. Bassett*, 75 Mo. 91.

IV. Unless plaintiffs' testator *abandoned* said contract, his right to recover cannot be questioned, as the evidence shows defendant collected and appropriated the money to his own use. The question of abandonment was fairly submitted to the court, and was decided adversely to the defendant. This finding will not be disturbed by this court.

V. The instructions, taken together, present the whole law of the case ; and do this in terms more favorable to defendant than he could properly ask. Defendant's instructions, numbers one to eleven, inclusive, were properly refused, as they ignore the law as declared in *Henry v. Bassett, supra*, and the pleadings and evidence in the cause.

Boggess & Moore, on motion for re-hearing.

I. Can a party be sued for money had and received before it is received, and then recover for *money received after* the institution of the suit ?

II. If a refusal to render services, under the circumstances of this case, might constitute an abandonment (as intimated by the supreme court in *Henry v. Bassett, supra*), then the principle is clearly established that a refusal to do any other material thing, under the contract, might also constitute an abandonment. The instruction given for the plaintiff is irreconcilable with

this portion of the opinion of the supreme court, and the opinion of this court sanctions that instruction.

III.   The institution and prosecution of a suit by plaintiffs' testator, as attorney, or otherwise, to prevent the collection of the money specified in the warrant, ought to have operated as a bar to any recovery by him, *however pleaded*, whether as estoppel, or otherwise ; and the court below ought to have so found, regardless of pleadings and instructions.   *Miss. Co. v. Jackson*, 51 Mo. 23 ; *Bell v. Railroad*, 4 Wall. (U. S.) 598 ; 2 Herne Estoppel, sect. 1264 ; 1 Greenl. Evid., sect. 531.

IV.   The judgment of the circuit court ought to be reversed, so that the present state of facts could be properly adjudicated.

ELLISON, J.—This cause was before the supreme court, and is found in 75 Missouri Reports, page 89. A full and complete history of the case may be had by reference to that report and the case of *Henry v. Mount Pleasant Township* (70 Mo. 500).   After a reversal of the cause in the supreme court the answer was amended and a portion thereof stricken out, the objection to which has not been saved.   The instructions are lengthy and will not be set out here, as we consider the action of the court in giving those for plaintiffs, and refusing those offered by defendant, excepting the eighth, as fully justified by the decision of the supreme court.   The warrant issued to defendant, he admits, has been paid to him. The trial, in the main, has been in harmony with the enunciation of the supreme court.

There does appear to us one error committed against defendant.   The amended answer sets out that when the seven thousand dollar warrant was issued to defendant, plaintiffs' testator procured, and assisted in procuring, the issuance of separate injunction proceedings, designed to annul and cancel the warrant, and that, in order to obtain the benefit thereof, defendant was compelled to

defend these injunction suits, and necessarily expended, in such defence, three hundred dollars. The evidence sustains this allegation without contradiction. The court refused an instruction, number eight, on this branch of the case. As this expenditure was necessary to the preservation of the fund, the half of which plaintiff is seeking, we think it should be allowed against plaintiffs, especially as plaintiffs' testator was the cause of the proceedings, and in consequence of the expenditure. As the cause was, in all other respects, properly tried, most of the points being *res adjudicata*, we will affirm the judgment, the cost of this appeal being taxed against plaintiff, if he will remit three hundred dollars, and the interest thereon, within ten days. If the *remittitur* is not entered, an entry of judgment of reversal of the judgment, and remanding of the cause will be entered. All concur.

PHILIPS, P. J.—I concur in reversing this judgment, and am of opinion that, on the facts of the case, the finding of the trial court should have been for the defendant. The uncontradicted fact of plaintiff's conduct in inaugurating, and attempting to maintain the proceedings to prevent the collection of the fee, and in fact to destroy it, coupled with other facts in proof, showed a clear case of abandonment by plaintiff of all interest in or claim to the fee. His attempt perpetually to enjoin the payment of the fee, was not only on grounds of antagonism to its very existence, but was a renunciation of all interest in it by him; and his attempt by this suit afterwards to have the defendant divide the repudiated demand with him, is as contradictory in law as it is indefensible in ethics.

HALL, J.—I concur in the opinion of Ellison, J., for the reason that by that opinion the defendant is given the whole benefit on account of the facts especially mentioned in the opinion of Philips, P. J., asked by the

defendant in his answer, and during the trial. The defendant is entitled to no greater benefit, on account of said facts, at the hands of this court. The defendant did not plead said facts as an estoppel. Neither did he, in his declarations of law, treat said facts as an estoppel. We cannot treat said facts as an estoppel now, in my opinion. Having tried the case on a certain theory, the defendant cannot obtain relief here contrary to such theory.