IN THE MATTER OF THE ESTATE OF MARTHA A. CLOUD, INSANE.

*Guardian's receipt of money from an executor by order of court subsequently reversed—Estoppel—Liability.*

Where a guardian receives money from an executor by order of court, the order being subsequently reversed for want of jurisdiction; in a proceeding to compel the guardian to charge himself with such money, he is estopped from setting up the illegality of such order. The money so received is assets of the estate, and he is liable therefor in his representative capacity to the party who has a good title thereto.

*Decided December* 10, 1888,

JOSEPH P. CLOUD died in 1872, leaving a last will by which he devised to his wife, Martha A. Cloud, in lieu of dower, $27,000, and devised the residue of his estate to his two children, William and Ellen, equally William F. Converse was appointed the executor. Martha A. Cloud subsequently became insane, and Charles Simonson was duly appointed guardian, and acted as such until the 8th day of September, 1877, when John H. Tebb was appointed.

In 1877, the debts of the estate having been paid, Simonson, on behalf of his ward, instituted proceedings in the Probate Court, under section 6195, R. S., to enforce the order of distribution, claiming that William and Ellen Cloud had no existence; that Joseph Cloud had no children, and that Martha A. Cloud was the sole heir, and entitled to all the property of the decedent.

Estate of Martha A. Cloud, Insane.

The court ordered that notice to William and Ellen Cloud, of the pendency and prayer of said petition, be given by publication in some newspaper for six consecutive weeks.  On the hearing of this petition, the court found the allegations to be true, and ordered said executor to pay to Simonson, guardian, the shares devised to William and Ellen Cloud.

In pursuance of this order, the executor did pay to said Simonson the shares of William and Ellen, amounting to $23,405.64.  Ten years thereafter, in a proceeding in the court of Common Pleas, the identity of William and Ellen Cloud was fully established.  Thereupon, William and Ellen filed a motion in the Probate Court to set aside the former judgment and finding, alleging that they had no notice of such proceeding; that there was error in the proceedings, in this, that the service upon them by publication, was not in compliance with law and the order of the court, and that the court, therefore, did not obtain jurisdiction of the subject matter.

The motion was over-ruled and a petition in error was prosecuted in the Common Pleas, to reverse the orders of the Probate Court.  On hearing, the court of Common Pleas found that there was an error in the judgment and finding of the Probate Court as alleged by William and Ellen.

Simonson filed his account as guardian, but failed to charge himself with the amount of $23,405.64, so

received from the executor. The present guardian files exceptions to this account, and asks the court to charge the late guardian with said sum.

Simonson and his sureties are resisting the application, and it is claimed by them, that the late guardian ought not to be charged with this amount, because the same did not belong to the estate of Martha A. Cloud, and the guardian had no authority in law to receive it.

*Harmon, Colston, Goldsmith & Hoadly* and *P. W. Francis*, for guardian.

*Jordan & Jordan*, and *Milton Sater*, for sureties.

GOEBEL, J.

In pursuance of the judgment and order of the court, Simonson, as guardian, received the money. Can he and his sureties now defend on the ground that such order was illegally made? If Simonson, as guardian, must account for the money so received, his sureties are concluded by the order, and will not be heard in an action upon the bond, in the absence of fraud and collusion, to question its correctness or to demand a rehearing of the accounts. *Braiden* v. *Mercer*, 44 Ohio St. 339.

We assume that they may enter an appearance and make the same defense that Simonson may make in his own behalf. We do not understand that, in a proceeding of this kind, the court is to determine

Estate of Martha A. Cloud, Insane.

whether such sureties are liable or not, and apply to them the rules applicable in an action upon a bond against sureties.

If the court shall charge the late guardian with the amount received, and order him to pay the same to the present guardian, upon his failure to obey the orders of the court, there is a breach of the bond. The relation the sureties assume to the court and its action, so far makes them privy to the proceeding affecting their principal, as to deny to them the right, when called upon to answer for the breach of the bond, to call in question the grounds upon which the court based its action and to have the same cause re-tried.

We also hold that, if the judgment was void against William and Ellen Cloud, Simonson, in his representative character in which he appeared in that proceeding, is estopped from setting up the illegality of such order. As to him it is conclusive evidence in the absence of fraud and' collusion. *Mississippi county* v. *Jackson*, 51 Mo. 23; *Bell* v. *R. R. Co.*, 4 Wall. 598; *Tenant* v. *Elliot*, 1 Bos. & P. 3.

Otherwise, it would enable him to volunteer the protection of the claim of William and Ellen, against whom the order was made, and draw them into this controversy to defeat his liability.

A defendant can not set up as a defense, that a bank deposit is the proceeds of securities belonging to third

parties, which the depositor obtained and fraudulently converted. Nor will a debtor be permitted, by plea or answer to volunteer the protection of the claims of those with whom he has had no dealings, to defeat his liability for performance of his contract. *Lund* v. *Seamen's Bank for Savings*, 37 Barb., 129.

Where a party receives money of a person, who was in the lawful possession thereof, and expressly agreed to deposit it to his credit, he is estopped, by his contract, in a suit for its recovery, from setting up the rights of any third party. *Sinclair* v. *Murphy*, 14 Mich. 392.

In a suit by a depositor against a bank, for a deposit to his credit, it is against public policy to permit a bank to allege that the money deposited belongs to some one else. *Locknaven* v. *Mason*, 95 Penn. St. 113.

Where a guardian had received money in Maryland, to which, under the laws of Maryland, he was not entitled, the court held that he was liable upon his bond. *United States* v. *Nichols*, 4 Cranch, 191.

In an action against the county treasurer for a refusal to pay over the commissions on state taxes received by him, under certain acts prohibiting him from retaining them for his own use, it was held that, having received the fund under, and by virtue of the acts, he could not set up their invalidity, and on that ground, claim to retain it for himself, as against the

party for whose benefit he received it. *Supervisors of Seneca county* v. *Allen*, 99 N. Y. 533.

Whatever property or money is lawfully recovered by the guardian, in virtue of his representative character, he holds as assets of the estate, and is liable therefor, in such representative character, to a party who has a good title thereto.

The want of knowledge or the possession of knowledge, on the part of the guardian, as to the rights and claims of other persons, upon the money thus received, can not alter the rights of the party to whom it ultimately belongs.

And whenever a guardian in his representative character lawfully receives money or property, he may be compelled to respond in that character, to the party entitled to the same, and shall not be permitted to throw it off, after he has received the money, in order to defeat the plaintiff's action.

This was the rule laid down as to executors and administrators in *De Valengins Admrs.* v. *Duffy*, 14 Peters 283, and followed in the case of *Duffy* v. *Neal's Admr.*, 1 Taney's Dec. (U. S. C. C.) 271.

It follows that the guardian must charge himself with $23,405.64, the amount so received by him.