### In re BUTCHER BOY MEAT MARKET, INC., Debtor.

**Bankruptcy No. 78–466K.**

United States Bankruptcy Court, E. D. Pennsylvania.

April 10, 1981.

Benson Zion, Bryn Mawr, Pa., for debtor.

Donald M. McCurdy, Gene Foehl, Media, Pa., for Anderson Associates, Inc.

Anthony L. V. Picciotti, West Chester, Pa., for Pete Crisanti and Alex Crisanti.

Larry H. Slass, Philadelphia, Pa., for Oakview Shopping Center.

Read Rocap, Jr., Media, Pa., for General Elec. Credit Corp. and Sealtest Foods, a Div. of Kraftco Corp.

## MEMORANDUM and ORDER

WILLIAM A. KING, Jr., Bankruptcy Judge.

AND NOW, this 10th day of April, 1981, upon consideration of the Motion by Butcher Boy Meat Market, Inc. for reconsideration of the Order of Dismissal dated March 12, 1981, it appearing that an appeal from that Order has been filed, it is

ORDERED that the Motion for Reconsideration is hereby DENIED for lack of jurisdiction.

The general rule is that once a notice of appeal has been filed, the lower court loses jurisdiction over the subject matter of the appeal. As stated in 9 Moore's Federal Practice, 2d ed., ¶ 203.11, pp. 734–36:

"The filing of a timely and sufficient notice of appeal has the effect of immediately transferring jurisdiction from the district court [bankruptcy Court] to the court of appeals [district court] with respect to any matters involved in the appeal.... Thus, after a notice of appeal is timely filed, the district court [bankruptcy Court] has no power to vacate the judgment, or to grant the appellant's motion to dismiss the action without prejudice, or to allow the filing of amended or supplemental pleadings." (Footnotes omitted.) *Accord, Ruby v. Secretary of the U. S. Navy,* 365 F.2d 385 (9th Cir. 1966), *en banc, cert. denied,* 386 U.S. 1011, 87 S.Ct. 1358, 18 L.Ed. 442 (1967).

This rule is clearly necessary to prevent the procedural chaos that would result if concurrent jurisdiction were permitted. *In re Combined Metals Reduction Co.,* 557 F.2d 179 (9th Cir. 1977).

In *S.E.C. v. Investors Security Corp.,* 560 F.2d 561 (3d Cir. 1977), the Court of Appeals for this circuit reaffirmed its adherence to the "well settled" doctrine that [f]iling of a notice of appeal immediately transfers jurisdiction of a case from the District Court to the Court of Appeals. *Hovey v. McDonald,* 109 U.S. 150, 157, 3 S.Ct. 136, 27 L.Ed. 888 (1883); *Plant Economy, Inc. v. Mirror Insulation Co.,* 308 F.2d 275, 276–77 (3d Cir. 1962). During the pendency of the appeal the District Court retains only the limited authority to take any steps that will assist the Court of Appeals in its determination. *United States v. Lafko,* 520 F.2d 622, 627 (3d Cir. 1975). *See Holton v. Crozer-Chester Medical Center,* 560 F.2d 575, 578 (3d Cir. 1977); *Hattersley v. Bollt,* 512 F.2d 209, 215 & n.17 (3d Cir. 1975); *United Parcel Service v. United States Postal Service,* 475 F.Supp. 1158 (E.D.Pa.1979).

Opposing this general rule is the well-established rule that a bankruptcy court has wide latitude to reconsider and vacate prior decisions, so long as the proceedings have not been terminated. *Pfister v. Northern Illinois Finance Co.,* 317 U.S. 144, 63 S.Ct. 133, 87 L.Ed. 140 (1942); *Wayne United Gas Co. v. Owens-Illinois Glass Co.,* 300 U.S. 131, 57 S.Ct. 382, 81 L.Ed. 557 (1937).

As noted by the Court of Appeals for the Ninth Circuit in *Combined Metals, supra,* the Supreme Court has seemingly stated that a bankruptcy court can vacate its decision even after an appeal thereof has been perfected:

A court of equity may grant a rehearing, and vacate, alter, or amend its decree, after an appeal has been perfected and after the time for appeal has expired, but not after expiration of the term at which the decree is entered. It is true the bankruptcy court applies the doctrines of equity, but the fact that such a court has no terms and sits continuously, renders inapplicable the rules with respect to the want of power in a court of equity to vacate a decree after the term at which it was entered has ended.

.    .    .    .    .

But we think the court has the power, for good reason, to revise its judgments upon seasonable application and before rights have vested on the faith of its action. Courts of law and equity have such pow-

er, limited by the expiration of the term at which the judgment or decree was entered and not by the period allowed for appeal or by the fact that an appeal has been perfected. There is no controlling reason for denying a similar power to a court of bankruptcy or for limiting its exercise to the period allowed for appeal. 557 F.2d at 201 *quoting Wayne United Gas Co. v. Owens-Illinois Glass Co.*, 300 U.S. at 136, 137, 57 S.Ct. at 385.

This language arguably indicates that bankruptcy courts are not bound by the general rule that an appeal divests the lower court of the power to modify the order or decision being appealed. *In re Combined Metals Reduction Co., supra.*

However, we agree with the court in *Combined Metals* which concluded:

> [A]ccepting this view of the above-quoted language would require us to hold that a bankruptcy court and a court of appeals can have concurrent jurisdiction over the subject matter of an appeal. Such a holding would permit bankruptcy courts to divest the courts of appeals of jurisdiction over appeals by the simple expediency used by the district court in the case presently before us. We are of the opinion that no lower court should be able to vacate or modify an order under appeal, not even a bankruptcy court attempting to eliminate the need for a particular appeal. We do not read the Supreme Court's dicta in *Wayne Gas* to require a different result; rather we think that the Court was simply emphasizing that bankruptcy courts have very broad powers to reconsider their decisions. We have found no cases in which a bankruptcy court was permitted to share jurisdiction with a court of appeals in the manner here attempted by the district court.

This "broad power to reconsider" has been interpreted to allow a case to continue to be adjudicated on the merits by the referee [judge] even though an order has been appealed *unless* the order appealed from was of such a nature as to render further proceedings useless. *In re Christian*

*& Porter Aluminum Co.*, 584 F.2d 326 (9th Cir. 1978); *Mavity v. Associates Discount Corporation*, 320 F.2d 133, 136 (5th Cir. 1963).

 After notice and a hearing, counsel failing to appear, this Court dismissed the bankruptcy proceeding. The appeal of the order of dismissal divests this Court of subject matter jurisdiction. We conclude that this Court should not be able to reconsider or modify the instant order under appeal to the district court, to do so would raise serious questions as to jurisdiction over that appeal.

It is so ORDERED.