**In re AMERICAN FREIGHT SYSTEM, INC., Debtor.**

**AMERICAN FREIGHT SYSTEM, INC., Plaintiff,**

**v.**

**INTERSTATE COMMERCE COMMISSION, United States of America, B.F. Goodrich a/k/a Uniroyal Goodrich Tire, Interplastic Company and Higbee Company, Defendants.**

Bankruptcy No. 88–41050–11.
Adv. No. 94–7011.

United States Bankruptcy Court,
D. Kansas.

April 25, 1995.

Kurt Stohlgren, Kansas City, MO, for debtor/plaintiff.

Virginia Strasser, Washington, DC, for defendant I.C.C.

Brendan Collins, Dept. of Justice, Washington, DC, for defendant U.S.

Scott J. Goldstein, Kansas City, MO, for B.F. Goodrich.

Joseph M. Weiler, Topeka, KS, for defendant Interplastic Co.

Anthony D. Clum, Topeka, KS, for defendant Higbee Co.

Mark A. Dickerson, Pleasant Hill, CA, for Levi, Strauss & Co.

Paul Hoffmann, Kansas City, MO

### *ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT DUE TO MISTAKE*

JULIE A. ROBINSON, Bankruptcy Judge.

This matter comes before the Court pursuant to the Motion For Relief From Judgment

Due to Mistake filed by American Freight System, Inc. ("plaintiff"). The motion alleges in pertinent part that:

> the Reply Brief of AFS to the Supplemental Submission was not delivered to the Clerk of this Court in Topeka, Kansas, and therefore it would appear that it was not made available to the Court for review prior to entry of the Final Judgment.... Plaintiff believes that the mistake of the Court by the Clerk in Kansas City, Kansas in apparently failing to deliver the Reply Brief to the Clerk of this Court for docketing, filing and review, has resulted in prejudice to Plaintiff, which constitutes sufficient grounds to grant Plaintiff relief from the Final Judgment.

■ The Court finds that plaintiff's motion is without merit. This Court received plaintiff's Reply Brief prior to rendering its decision on March 30, 1995. The Reply Brief responds to the Supplemental Submission of Authority in Support of Motion to Dismiss by ICC and the United States, which brought to this Court's attention the fact that the District Court in Utah had rejected the report and recommendation of the bankruptcy court in *In re Americana Expressways, Inc.*, upon which plaintiff relied in its initial brief. The Reply Brief addresses the District Court opinion by arguing that it was "wrongly decided." This Court's March 30, 1995 decision merely mentions the *Americana* case in a footnote by noting that "[w]ith the exception of the decision in *Americana*, which the District Court refused to adopt, virtually every other court considering the issue has held that Section 9 does not render the NRA inapplicable to bankrupt carriers." Therefore, although the Court received a copy of the Reply Brief and reviewed it before rendering its decision, plaintiff's analysis of why the District Court "wrongly decided" its opinion had little impact on the Court's decision. This should be obvious in light of the Court's mere mention of the District Court opinion in a footnote.

■ Furthermore, even if the Court had not received plaintiff's Reply Brief and a "mistake" had been made as alleged by plaintiff, this Court is without jurisdiction to rule on its prior decision because plaintiff has filed a notice of appeal. It has been held that "[t]he general rule is that once a notice of appeal has been filed, the lower court loses jurisdiction over the subject matter of the appeal." *In re Butcher Boy Meat Market, Inc.*, 10 B.R. 258, 259 (Bankr.E.D.Pa.1981). "This rule is clearly necessary to prevent the procedural chaos that would result if concurrent jurisdiction were permitted." *Id.* (citing *In re Combined Metals Reduction Co.*, 557 F.2d 179 (9th Cir.1977)).

This Court recognizes that the U.S. Supreme Court in *Wayne United Gas Co. v. Owens–Illinois Glass Co.*, 300 U.S. 131, 57 S.Ct. 382, 81 L.Ed. 557 (1937), inferred through dicta that the Bankruptcy Court had wide latitude to reconsider and vacate prior decisions, so long as the proceedings have not been terminated. This Court agrees with the Court's reasoning in *In re Butcher Boy Meat Market, Inc.*, *supra* that the Supreme Court could not possibly have intended that the Bankruptcy Court could rule on cases on appeal to the District Court, thus giving the Bankruptcy Court concurrent jurisdiction with the District Court. This Court therefore concludes that the Bankruptcy Court cannot reconsider or modify a ruling in this case which is presently on appeal to the District Court.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's Motion For Relief From Judgment Due To Mistake is DENIED.

**IT IS FURTHER ORDERED** that the deadline for the parties to submit a *Joint Report* indicating what matters are ready for referral to the ICC and what matters remain before the Court, is extended to *May 5, 1995*.

IT IS SO ORDERED.