## In re LEINWEBER.

## LEINWEBER v. FEDERAL LAND BANK OF ST. LOUIS, MO.

### No. 6379.

Circuit Court of Appeals, Seventh Circuit.

March 4, 1938.

J. W. Templeman, of Springfield, Ill., for appellant.

Theo. E. Kircher, of St. Louis, Mo., and L. D. Turner, Jr., of Belleville, Ill., for appellee.

Before EVANS and MAJOR, Circuit Judges, and LINDLEY, District Judge.

EVANS, Circuit Judge.

This appeal is from an order dated July 12, 1937, refusing leave to file a petition of the debtor (a farmer) to reinstate a former petition filed by him under section 75 (s) (5) of the Bankruptcy Act, as amended August 28, 1935, 11 U.S.C.A. § 203(s) (5).

The refusal to reinstate was predicated on two grounds: (a) unreasonable delay in seeking reinstatement; (b) rights had been acquired by the mortgage creditor in the interim; it had foreclosed its mortgage and acquired title to the realty which was the subject of the requested reorganization.

The District Court allowed an appeal from its order refusing leave to file.

Inasmuch as an alleged unreasonable delay is the basis or one of the grounds for denying relief, it is important that we ascertain the dates of the steps taken by petitioning debtor to protect his property and therefrom determine whether he acted promptly.

Debtor filed his original petition under section 75, as amended, 48 Stat. 925, 1289, 11 U.S.C.A. § 203 and note, on September 13, 1934. The referee dismissed this proceeding June 28, 1935, on the ground of the unconstitutionality of subsection (s). The Supreme Court held the said subsection unconstitutional on the 27th of May, 1935.

On August 28, 1935, subsection (5) of the new subsection (s), 11 U.S.C.A. § 203(s) (5) was enacted and it permitted the debtor to apply for reinstatement of his petition.

The decree of sale under the foreclosure proceeding was entered December 6, 1935. In this decree was a provision for a deficiency judgment which the debtor asserted was in violation of a written agreement. The Illinois appellate court however rejected his contention and affirmed the decree, January 15, 1937. On March 10, 1937, a master's deed was executed which was recorded March 15, 1937. On April 3, 1937, petitioner filed his application for reinstatement under section 75, as amended, 11 U.S.C.A. § 203. On July 12, 1937, his application to file was denied.

Section 75(s) (5) reads as follows:

"This title shall be held to apply to all existing cases now pending in any Federal court, under this title, as well as to future cases; and all cases that have been dismissed by any conciliation commissioner, referee, or court because of the Supreme Court decision holding the former subsection (s) unconstitutional, shall be promptly reinstated, without any additional filing fees or charges. Any farm debtor who has filed under this title may take advantage of this section upon written request to the court; and a previous discharge of the debtor under any other section of this title shall not be grounds for denying him the benefits of this section."

The petitioner has failed to bring his case within the amendment of August 28, 1935, which permitted him to petition for reinstatement of his application only in case he acted *promptly*. The statute provides that "all cases that have been dismissed * * * · shall be promptly reinstated * * *." While this command is directed to the court rather than to the debtor or petitioning creditors, it is obvious that a court can make no such adjudication against the debtor's objection. The court may only act upon the application of a suitor (either debtor or petitioning creditors). Hence, we conclude that the word *"prompt"* applies to the court and to the debtor in voluntary proceedings. A debtor who inexcusably delays will defeat his right to relief. Stronger is the case where the facts which establish laches also make out an estoppel.

Debtor was fully aware of the pendency of the foreclosure proceedings in the state court. He was taking a chance upon the outcome of his appeal which if favorable would prove advantageous to him.

He agreed to a default judgment in the foreclosure suit. It is true, he adds, that this was upon condition that no deficiency judgment be rendered against him. The significant fact, however, is that he knew of the foreclosure suit and consented to a foreclosure decree. When he found the decree contained a deficiency judgment, he appealed. He made no effort to reinstate his bankruptcy proceeding until he learned of the outcome of his state court litigation. It is significant that the state court litigation, in so far as it pertained to the foreclosure of the mortgage on his land, and provided for its sale was not only known to him, but its progress to final decree was expedited by his consent. Even after that decree was entered he waited until after the date when the deed became final and was recorded. In our opinion, debtor's action fell far short of being a prompt application for reinstatement.

The decree is affirmed.