## WAYNE UNITED GAS CO. *v.* OWENS-ILLINOIS GLASS CO. ET AL.

No. 305. Argued January 7, 8, 1937.—Decided February 1, 1937.

*Mr. Robert S. Spilman,* with whom *Mr. Fred O. Blue* was on the brief, for petitioner.

*Mr. H. D. Rummel,* with whom *Messrs. D. O. Blagg* and *A. G. Stone* were on the brief, for respondents.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

The Circuit Court of Appeals has decided that a District Court is without power to set aside its order dismissing a petition for reorganization under § 77B of the Bankruptcy Act and to rehear the cause after the ex-

piration of the period allowed by the Act for appeal from the order.[1] To resolve a conflict of decisions [2] we granted certiorari.

November 25, 1935, the petitioner filed in the District Court for Southern West Virginia a petition and, on December 10th, an amended and supplemental petition for corporate reorganization under § 77B of the Bankruptcy Act as amended.[3] February 7, 1936, the respondents filed objections and motions to dismiss. March 2nd the petitions were dismissed. March 20th the petitioner presented to the Circuit Court of Appeals a petition for appeal, pursuant to § 24 (b) of the Bankruptcy Act.[4] April 15th the court denied the appeal,[5] holding that the petitioner should have proceeded under § 25 (a).[6] April 17th petitioner notified respondents that on April 24th it would present a petition to the District Court praying vacation of the order of March 2nd and a rehearing and review of all matters arising in the proceedings because of errors committed by the court in dismissing its petitions, and that, upon rehearing, the court would be asked to enter an order approving the original and amended petitions. After presentation of the petition for rehearing and argument thereon the court directed

---

[1] 84 F. (2d) 965.

[2] See *West* v. *McLaughlin's Trustee*, 162 Fed. 124; *Cameron* v. *National Surety Co.*, 272 Fed. 874. This court has adverted to the question without deciding it. *Conboy* v. *First National Bank*, 203 U. S. 141, 146.

[3] Act of June 7, 1934, 48 Stat. 911; Act of August 20, 1935, c. 577, 49 Stat. 664; Act of August 29, 1935, c. 809, 49 Stat. 965; 11 U. S. C. § 207.

[4] Act of July 1, 1898, c. 541, § 24 (b), 30 Stat. 553; 11 U. S. C. § 47.

[5] *Wayne United Gas Co.* v. *Owens-Illinois Glass Co.*, 83 F. (2d) 98. See *O'Connor* v. *Mills*, decided this day, *ante*, p. 26.

[6] Act of July 1, 1898, c. 541, § 25 (a), 30 Stat. 553, 11 U. S. C. § 48 (a).

that it be filed, took the matter under advisement, and, on May 12th, set aside the order of March 2nd, granted a rehearing and review and fixed May 22nd for a hearing on all questions arising on the record. The court found that good cause existed justifying vacation of its previous order and reconsideration of the cause. It further found that the application had been seasonably presented and no rights had vested under the order of March 2nd which would be disturbed by setting the order aside. By leave of court the petitioner, on May 22nd, presented a second amended and supplemental petition, which incorporated the earlier petitions for reorganization, and asked the court to find that the original and supplemental petitions were filed in good faith and complied with § 77B. The respondents objected. May 28th the court, after a hearing, sustained the respondents' objections and dismissed the petitions for reasons set forth in findings of fact and conclusions of law. June 11th petitioner's application to the judge of the District Court, under § 25 (a) of the Act, for an appeal, with supersedeas, was granted. The Circuit Court of Appeals, on respondents' motion, dismissed the appeal.

1. The respondents have moved to dismiss the writ of certiorari on the ground that the controversy has become moot. In support of the motion they show that for some time prior to the institution of the 77B proceedings the debtor's property had been in possession of a receiver appointed by a state court; that the trustee of a first mortgage had intervened in the receivership proceeding and sought foreclosure; that the state court had ordered a sale of all the debtor's property and the decree of sale had become final before the presentation of the petition for reorganization. They show that subsequently to the order of March 2nd dismissing the petition for reorganization further action by the state court resulted in the confirmation of a commissioner's sale, payment of

the purchase price partly in cash and partly in first mortgage bonds of the debtor and execution and delivery of a deed to the purchaser, a nominee of respondents. It appears not only that the respondents were parties to the 77B proceeding but that, prior to the consummation of the sale, the state court was fully advised of the steps taken in the federal courts and of the pendency of the petition for certiorari in this court to review the order of the Circuit Court of Appeals dismissing the appeal.

The respondents went forward with the proceedings in the state court, looking to a sale of the debtor's property, with full knowledge that a rehearing might be granted and that the order entered thereon might be appealed. They are not entitled, therefore, to rely on any status acquired in the state court suit as precluding further consideration of the petition for reorganization. The motion must accordingly be overruled.

2. The petitioner asserts that the grant or refusal of a rehearing rested in the sound discretion of the District Court, and since in the proper exercise of that discretion the court entertained the application and reheard the case upon the merits, its action again dismissing the petition for reorganization was a final order and the appeal therefrom was timely. The respondents contend that the first order of dismissal having terminated the cause, and the thirty days allowed by the bankruptcy act for appeal from the order having expired, the District Court was without power to entertain a petition for rehearing and its second order of dismissal was a nullity. Wherefore, they say, the appeal taken more than thirty days from the date of the original order of March 2, 1936, if considered as challenging that order, was out of time, and the motion to dismiss was properly granted by the Circuit Court of Appeals. We hold the petitioner's position is sound and the appeal should have been entertained.

Though a court of bankruptcy sits continuously and has no terms,[7] respondents urge that, as courts of bankruptcy are courts of equity, the rules applicable to the rehearing of a suit in equity should be applied in bankruptcy cases, and as it appears the term of the District Court expired April 20, 1936, the court had lost its power to disturb the order of March 2nd. A court of equity may grant a rehearing, and vacate, alter, or amend its decree, after an appeal has been perfected and after the time for appeal has expired, but not after expiration of the term at which the decree was entered.[8] It is true the bankruptcy court applies the doctrines of equity, but the fact that such a court has no terms, and sits continuously, renders inapplicable the rules with respect to the want of power in a court of equity to vacate a decree after the term at which it was entered has ended.

In the alternative the respondents argue that where, as here, an adjudication is refused, and the case is re-tired from the docket, the requirement that an appeal shall be perfected within thirty days from the order of dismissal deprives the court of power to reinstate and rehear the cause after the expiration of the time limited for appeal. They insist that the act contemplates the speedy disposition of causes in bankruptcy and therefore fixes a brief period for appealing from orders therein. To permit the court to rehear a cause after the time for appeal has expired, and to enter a fresh order which is appealable, would, they urge, tend unduly to extend the proceedings, create uncertainty as to the rights of the debtor and creditors, and ignore the intent of Congress.

[7] *Sandusky* v. *National Bank*, 23 Wall. 289, 293; *In re Lemmon & Gale Co.*, 112 Fed. 296, 300; *Freed* v. *Central Trust Co.*, 215 Fed. 873, 876; *In re Rochester Sanitarium & Baths Co.*, 222 Fed. 22, 26.

[8] Equity Rule 69; *Aspen Mining Co.* v. *Billings*, 150 U. S. 31, 36; *Voorhees* v. *Noye Mfg. Co.*, 151 U. S. 135; *Zimmern* v. *United States*, 298 U. S. 167.

But we think the court has the power, for good reason, to revise its judgments upon seasonable application and before rights have vested on the faith of its action. Courts of law and equity have such power, limited by the expiration of the term at which the judgment or decree was entered and not by the period allowed for appeal or by the fact that an appeal has been perfected.[9] There is no controlling reason for denying a similar power to a court of bankruptcy or for limiting its exercise to the period allowed for appeal. The granting of a rehearing is within the court's sound discretion, and a refusal to entertain a motion therefor, or the refusal of the motion, if entertained, is not the subject of appeal.[10] A defeated party who applies for a rehearing and does not appeal from the judgment or decree within the time limited for so doing, takes the risk that he may lose his right of appeal, as the application for rehearing, if the court refuse to entertain it, does not extend the time for appeal.[11] Where it appears that a rehearing has been granted only for that purpose the appeal must be dismissed.[12] The court below evidently thought the case fell within this class. On the contrary, the rule which governs the case is that the bankruptcy court, in the exercise of a sound discretion, if no intervening rights will be prejudiced by its action, may grant a rehearing upon application diligently made and rehear the case upon the merits; and even though it reaffirm its former action and

[9] *United States* v. *Mayer*, 235 U. S. 55; *United States* v. *Benz*, 282 U. S. 304; and cases cited in Note 8.

[10] *Brockett* v. *Brockett*, 2 How. 238; *Steines* v. *Franklin County*, 14 Wall. 15; *Hardin* v. *Boyd*, 113 U. S. 756; *Boesch* v. *Gräff*, 133 U. S. 697; *San Pedro Co.* v. *United States*, 146 U. S. 120.

[11] *Roemer* v. *Bernheim*, 132 U. S. 103, 106; *Morse* v. *United States*, 270 U. S. 151, 154; *Clarke* v. *Hot Springs Elec. L. & P. Co.*, 76 F. (2d) 918, 921.

[12] *In re Stearns & White Co.*, 295 Fed. 833; *Bonner* v. *Potterf*, 47 F. (2d) 852, 855; *United States* v. *East*, 80 F. (2d) 134, 135.

refuse to enter a decree different from the original one, the order entered upon rehearing is appealable and the time for appeal runs from its entry.[13] The District Court's action conformed to these conditions. Two days after the Circuit Court of Appeals dismissed the petition for allowance of appeal from the original order of March 2, 1936, petitioner notified respondents of its intention to apply for rehearing. Prompt application was made and the cause was promptly heard. A supplemental petition was presented and entered upon the files by leave of court. The original, the amended, and the supplemental petitions were considered upon the merits, and the court made findings and announced conclusions of law with respect thereto. There is no indication that the petition for rehearing was not made in good faith or that the court received it for the purpose of extending petitioner's time for appeal. The court found that no rights had intervened which would render it inequitable to reconsider the merits. There was no abuse of sound discretion in granting the motion and reconsidering the cause.

The judgment is reversed and the cause is remanded to the Circuit Court of Appeals for further proceedings in conformity to this opinion.

*Reversed.*

---

[13] Compare *Aspen Mining Co.* v. *Billings, supra,* p. 37; *Voorhees* v. *Noye Mfg. Co., supra,* p. 137; *Citizens Bank* v. *Opperman,* 249 U. S. 448, 450; *Morse* v. *United States, supra,* p. 154. .