**HOOVER v. HOCKENBERRY et al.**

No. 6665.

Circuit Court of Appeals, Third Circuit.

July 12, 1938.

On Rehearing Nov. 10, 1938.

John McCrea, of Newville, Pa., for appellant.

Walter H. Compton, of Harrisburg, Pa., for appellees.

Before BUFFINGTON and DAVIS, Circuit Judges, and DICKINSON, District Judge.

DICKINSON, District Judge.

A preliminary and what seems to be the only question now raised is that of the propriety of an order of adjudication in bankruptcy. The petition in bankruptcy was challenged for insufficiency in form and substance. The petition was amended. The alleged bankrupt demanded a jury trial. The jury found against the bankrupt and after awaiting an appeal within thirty days, an order of adjudication was entered. The petition in bankruptcy was filed October 14th, 1935. The verdict of the jury was rendered January 28th, 1937; a new trial refused March 27th, 1937, and on April 27th, 1937, an adjudication was entered. The Appellant made a motion to vacate the order of adjudication which, on November 16th, 1937, was denied, and on December 10th, 1937 an appeal was allowed. The Appellant had thirty days in which to appeal from the order of adjudication. This is the order or decree from which he seeks to appeal. The time allowed by law for such an appeal expired May 27th, 1937. He could not extend this time by a motion to vacate. Wayne United Gas Co. v. Owens-Illinois Glass Co., 300 U.S. 131, 133, 137, 57 S.Ct. 382, 383, 385, 81 L. Ed. 557.

This is conclusive, for on page 137, 57 S.Ct. on page 385, the Court said: "The granting of a rehearing is within the court's sound discretion, and a refusal to entertain a motion therefor, or the refusal of the motion, if entertained, is not the subject of appeal. A defeated party who applies for a rehearing and does not appeal from the judgment or decree within the time limited for so doing, takes the risk that he may lose his right of appeal, as the application for rehearing, if the court refuse to entertain it, does not extend the time for appeal."

The appeal is dismissed.

## On Rehearing.

The grievance of which appellant complains is an order of the Bankruptcy Court adjudicating him a bankrupt. There were three orders made by the District Court sitting in Bankruptcy. One was the order of adjudication referred to. Another was the denial of a petition for a re-hearing on this order. The third one was a denial of a motion to vacate the order adjudicating the appellant a bankrupt. The appeal has been met by a motion to dismiss. Consider-

ing these orders in a different order, the appellant might have had the right of appeal from the order to vacate the order of adjudication. Under Section 24b of the Bankruptcy Act, 11 U.S.C.A. § 47(b), an appeal may be taken in such cases but only by a special allowance of the Appellate Court. No such allowance was asked for or allowed and in consequence no appeal lies. An appeal is allowed from an order of adjudication by Section 25a of the same Act, 11 U.S.C.A. § 47(a). The appeal must however be taken within thirty days. The appeal in this case was not taken until long after. From an order of the Court refusing a rehearing no appeal lies. The case was argued as an appeal from the order of adjudication, the appellant asserting that the motion for a re-hearing extended the thirty days allowed for an appeal. This was disposed of by this Court in the opinion filed.

The case of Wayne United Gas Company v. Owens-Illinois Glass Company, 300 U.S. 131, 133, 57 S.Ct. 382, 81 L.Ed. 557, cited in the former opinion, sustains the proposition that no appeal lies from the refusal to grant a re-hearing, and that such a motion does not extend the time of appeal otherwise allowed by the Act from an order of adjudication.

The appeal is accordingly dismissed.