## ORTIZ et al. v. PUBLIC SERVICE COMMISSION OF PUERTO RICO et al.
### No. 3435.

Circuit Court of Appeals, First Circuit.

Jan. 18, 1940.

Francis H. Dexter and Dexter & Dexter, all of San Juan, P. R., and William Cattron Rigby, of Washington, D. C. (B. Fernandez Garcia, of San Juan, P. R., and Nathan R. Margold, of Washington, D. C., on the brief), for appellee Public Service Commission.

F. Fernandez Cuyar, of San Juan, P. R. (Celestino Iriarte, Jr., and H. Gonzalez Blanes, both of San Juan, P. R., on the brief), for appellee White Star Bus Line, Inc.

Before WILSON and MAGRUDER, Circuit Judges, and McLELLAN, District Judge.

MAGRUDER, Circuit Judge.

Three owners of motor vehicles, engaged in transportation for hire, appealed to the District Court of San Juan from an order of the Public Service Commission of Puerto Rico, pursuant to Section 78 of the Public Service Act of Puerto Rico (Laws of P. R., 1917, p. 526). The District Court found that the order appealed from was "reasonable and in conformity with law" and therefore entered a decree dismissing the appeal and affirming the order of the Commission, as provided in Section 85 of

the Public Service Act, Laws of P. R., 1917, p. 532. The Supreme Court of Puerto Rico on July 26, 1938, rendered a final judgment of affirmance, which judgment is the subject of the present appeal to this court.

Appellee moves to dismiss the appeal for lack of jurisdiction on the ground that application for appeal was not made within three months after the entry of the judgment, as required by 28 U.S.C. § 230, 28 U.S.C.A. § 230.

The judgment below was rendered July 26, 1938. On August 4, 1938, appellants filed in the Supreme Court of Puerto Rico a petition entitled Motion to Vacate the Judgment and to Withhold the Mandate until the Motion is Passed Upon—in effect, a petition for rehearing. The court not then being in session, its Chief Justice directed the entry of an order on August 5, 1938, reading: "Let the two preceding motions be passed to the court in its first session." Upon reconvening, the court on November 10, 1938, summarily denied the motion without a hearing or written opinion. On February 2, 1939, appellants again moved in the Supreme Court of Puerto Rico for a rehearing and, in the alternative, applied to be allowed to appeal to the circuit court of appeals. Both these requests were denied, on February 7, 1939. In its order denying the petition for appeal on the ground that it had been applied for after the lapse of three months from the rendition of final judgment in the case, the Supreme Court recited that the motion for rehearing filed on August 4, 1938, "was on the 10th day of November, 1938 denied without a hearing or written opinion and therefore was not entertained by the court. * * *"

■ Meanwhile, appellants had presented to a judge of this court another petition for appeal, dated January 30, 1939, and on February 8, 1939, this appeal was allowed by the circuit judge.

"It is well settled that if a motion or petition for rehearing is made or presented in season and entertained by the court, the time limited for a writ of error or appeal does not begin to run until the motion or petition is disposed of. Until then the judgment or decree does not take final effect for the purposes of the writ of error or appeal." Northern Pacific Railroad Co. v. Holmes, 1894, 155 U.S. 137, 138, 15 S.Ct. 28, 29, 39 L.Ed. 99; Chicago Great Western Railroad Co. v. Basham, 249 U.S. 164, 167, 39 S.Ct. 213, 63 L.Ed. 534; Joplin Ice Co. v. United States, 8 Cir., 1936, 87 F.2d 174, 175. In Northwestern Public Service Co. v. Pfeifer, 8 Cir., 1929, 36 F.2d 5, 7, a motion for a new trial was held to have been "entertained" by the trial court where it heard arguments and ruled thereon.

■■ But it is obvious that the statutory period for appeal cannot be automatically enlarged by the simple expedient of filing a petition for rehearing in the court below. As was pointed out in the recent case of Wayne United Gas Co. v. Owens-Illinois Glass Co., 1937, 300 U.S. 131, 137, 57 S.Ct. 382, 385, 81 L.Ed. 557: "A defeated party who applies for a rehearing and does not appeal from the judgment or decree within the time limited for so doing, takes the risk that he may lose his right of appeal, as the application for rehearing, if the court refuse to entertain it, does not extend the time for appeal." In the present case, the Supreme Court of Puerto Rico, which is in the best position to know, expressly recited in its order denying the petition for appeal that it had not "entertained" the petition for rehearing, having denied the same "without a hearing or written opinion."

■■ It may be that where the published rules of court allow the filing of a petition for rehearing within a stipulated time after entry of the judgment, a petition filed within that time will be regarded as "entertained", without more, on the ground that the court is bound to give consideration to a petition for rehearing the filing of which has been invited by its rule. See Rules of this court, Nos. 29 and 32. The Rules of the Supreme Court of Puerto Rico contain no provision whatever allowing the filing of a petition for rehearing. It has been the practice of that court not to send down its mandate until after ten days from the rendition of its judgment and apparently, if a petition for rehearing is filed within ten days, the court will stay its mandate until the petition is disposed of. Manrique v. Ramírez, 38 P.R.R. 482, 483; Schlüter & Co. v. Gonzalez, 38 P.R.R. 224. We do not think that this practice requires the conclusion that a petition for rehearing will necessarily be "entertained" by that court if filed within ten days; indeed, as pointed out above, the present record contains a recital by that court that the petition filed herein "was not entertained by the court." Although the Supreme Court of the United States has on many occa-

sions (see, e. g., the cases cited above) referred to the requirement that a motion for rehearing must be "entertained" in order to extend the time for appeal, we have not found any case in which that court has dismissed an appeal on the ground that under the particular facts the motion for rehearing had not been "entertained" by the court below. Consequently it is difficult on this state of the authorities to formulate precisely the requirements of "entertainment." We cannot hold, therefore, that the recital by the Supreme Court of Puerto Rico that it did not "entertain" the motion in the present case should be disregarded as contrary to law.

We therefore conclude that the appeal must be dismissed for lack of jurisdiction.

Inasmuch as the question of jurisdiction is not entirely free from doubt, and in view of the fact that the case has been presented to us on the merits as well as on motion to dismiss, we deem it proper to say that if the appeal had been perfected in time we should have been constrained to affirm the judgment below on the merits.

The challenged order of the Public Service Commission, dated January 4, 1938, reads as follows:

"It is ordered, furthermore, and by these presents it is prohibited, that all motor vehicles not previously authorized by this Commission act, serve, function or operate as public carriers for the transportation of passengers by seat, offering, rendering or giving its service to the public in general, between the municipalities of San Juan and Rio Piedras or within the municipalities of San Juan and Rio Piedras, or between intermediate points. The fact that a motor vehicle act as a public carrier, transporting passengers by seat, from one place to another, between the municipalities of San Juan and Rio Piedras, or within the municipalities of San Juan or Rio Piedras, or between intermediate points, shall constitute prima facie evidence of the violation of this order."

In our opinion this order was within the power of the Commission under Section 38 of the Organic Act, as amended, 44 Stat. 1420, 48 U.S.C.A. § 750, and the Public Service Act of Puerto Rico, Laws of P.R., 1917, vol. 2, page 432, Laws of P.R., 1927, page 398, for reasons sufficiently stated in the opinions below in the Supreme Court and the District Court of San Juan. We do not think that the present record requires a decision on the validity of the so-called ex-

clusive franchise granted to the White Star Bus Line, Inc., in 1927.

The appeal is dismissed for lack of jurisdiction.