## WRAGG v. FEDERAL LAND BANK OF NEW ORLEANS.

### No. 9753.

Circuit Court of Appeals, Fifth Circuit.

Feb. 25, 1942.

Rehearing Denied March 24, 1942.

Walter J. Knabe and Jack Crenshaw, both of Montgomery, Ala., for appellant.

Benj. P. Crum, of Montgomery, Ala., for appellee.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

In 1934 appellant mortgaged her farm property in Alabama to the appellee. Nothing having been paid on the mortgage debt in 1937, the appellee sought and obtained a decree of foreclosure in the federal district court, and a special master was appointed to sell the land. Before the sale, appellant filed a petition under Section 75 of the Bankruptcy Act [1] for the composition and extension of her debts. Appellee rejected the offer and filed objections to its confirmation. The district court sustained the objections on the ground that the proposal was not a fair, equitable, and feasible method of financial rehabilitation of the debtor. The court denied appellant's motion for leave to amend and pray adjudication as a bankrupt under subsection s of the Act, but granted fifteen days in which to file a voluntary petition in bankruptcy.

Appellant took no further action, and the proceedings were dismissed. Leave to appeal to this court in forma pauperis was denied on the certificate of the district judge that, in his opinion, the appeal was not taken in good faith. In re Wragg, 5 Cir., 95 F.2d 252. Certiorari was denied. 305 U.S. 596, 59 S.Ct. 80, 83 L.Ed. 377. The special master was directed to execute the prior decree of foreclosure. The bank became the purchaser, and the sale was confirmed on April 21, 1938. On April 3, 1939, the bank contracted to sell the property to a third party, delivered possession thereof, and was paid a part of the purchase price. On December 11, 1939, the Supreme Court rendered its decision in the case of

[1] 11 U.S.C.A. § 203.

John Hancock Mutual Life Insurance Co. v. Bartels, 308 U.S. 180, 60 S.Ct. 221, 84 L.Ed. 176, holding the fact that there was no reasonable probability of financial rehabilitation did not authorize the dismissal of proceedings for adjudication under subsection s, supra. On March 11, 1940, appellant filed a petition in the court below to reinstate and reopen the proceedings under Section 75 of the Act or, in the alternative, to permit her to refile her petition and schedules, claiming that her said proceedings were improvidently closed and that no intervening rights of innocent third parties had become vested. The petition was dismissed, and this appeal was then brought.

█ A bankruptcy court has the power, in the exercise of its sound discretion, to revise its judgments upon seasonable application therefor, although the time prescribed for appeal therefrom has expired, if no intervening rights have become vested on the faith of its action. Wayne Gas Co. v. Owens-Illinois Co., 300 U.S. 131, 57 S.Ct. 382, 81 L.Ed. 557. Relying upon this principle, appellant claims that the petition for reinstatement was seasonably brought, being within three months of the Bartels decision; that no intervening rights had become vested, because the two-year statutory period for redemption under Alabama law had not elapsed; and that appellant was therefore entitled, apparently as a matter of right, to the reinstatement of her original proceedings, or to be granted leave to refile the proceedings.

██ Conceding without deciding that the petition was filed in due time and that no intervening rights had become vested, these circumstances alone do not entitle the appellant to the relief sought. Rather, they are conditions precedent to the power of the court to exercise its discretion upon the petition. Unless such facts affirmatively appear, it is the duty of the court forthwith to dismiss the petition. If, on the other hand, these conditions are met, the disposition to be made of the petition then lies within the sound discretion of the bankruptcy court. [2] The court below entertained jurisdiction of the petition, considered it fully, and dismissed it. On this appeal it is incumbent upon the appellant to show an abuse of discretion by the court below. She has not met this burden.

█ The petition for reinstatement was filed one day prior to the expiration of the statutory period for redemption. At that time appellant had been privileged to retain possession of her property for five years without making any payment on the mortgage, and had been out of possession for approximately a year. Her petition did not allege that her financial condition had undergone any change, or that a further stay of proceedings would be likely to result in her financial rehabilitation. The third party purchased the land having good reason to believe that the bankruptcy proceedings brought by appellant had been ended by final decree. He had the right to expect, in the absence of his own fault, to use and enjoy the property purchased without molestation unless, as provided by Alabama law, the former owner exercised her right of redemption within two years and tendered to him the purchase price of the property with interest, costs, and the reasonable value of improvements. [3]

In view of these and other circumstances disclosed by the record, we think the judgment dismissing the petition was within the sound discretion of the court below. The judgment is affirmed.

---

[2] Wayne Gas Co. v. Owens-Illinois Co., 300 U.S. 131, 57 S.Ct. 382, 81 L.Ed. 557; Union Land Bank v. Byerly, 310 U.S. 1, 60 S.Ct. 773, 84 L.Ed. 1041.

[3] Title 7, Sec. 732, Code of Alabama 1940; Morrison v. Formby, 191 Ala. 104, 67 So. 668; Upchurch v. West, 234 Ala. 604, 176 So. 186.