In re CHICAGO, M., ST. P. & PAC. R. CO.

ORTON et al. v. GROUP OF INSTITUTIONAL INVESTORS et al.

No. 9019.

Circuit Court of Appeals, Seventh Circuit.

May 17, 1946.

Edward R. Johnston, Albert K. Orschel, Henry L. Kohn, and Helen W. Munsert, all of Chicago, Ill., for appellants.

A. N. Whitlock, M. L. Bluhm, and Kenneth F. Burgess, all of Chicago, Ill., Fred N. Oliver, of New York City, and Meyer Abrams, Douglas F. Smith, Ray Garrett, and George Ragland, Jr., all of Chicago,

Ill., and Willard P. Scott, of New York City, Attorneys for Reorganization Committee (Sidley, Austin, Burgess & Harper, of Chicago, Ill., and Oliver & Donnally, of New York City, of counsel), for appellees.

Before SPARKS, Circuit Judge and LINDLEY, District Judge.

PER CURIAM.

Appellants assail an order of the District Court which denied their motion to enlarge said Court's reserved jurisdiction over the property of the debtor, the Chicago, Milwaukee, St. Paul & Pacific Railroad Company, in the reorganization proceedings wherein said railroad was debtor and which were closed by the order which contained the limited reservation of jurisdiction.

Appellants desired the Court to enlarge the jurisdiction reserved in its order of November 26, 1945, wherein it consummated the confirmed and approved plan of reorganization. The Court in its final order reserved jurisdiction only as follows: "(48) The Court hereby reserves jurisdiction for all purposes necessary to put into effect and carry out this order and the Plan of Reorganization and any other orders entered by this Court relative thereto, including, without limiting the generality of the foregoing, giving instructions and directions to the Trustees of the Debtor's property with respect to matters now pending or matters which may hereafter arise and passing upon the final statement of account of said Trustees, making allowance of fees or compensation for services heretofore or hereafter rendered and reimbursement of expenses heretofore or hereafter incurred in connection with these proceedings or the Plan, receiving and passing upon a report or reports by the Reorganization Committee on the expenses incurred by them in carrying out and putting into effect the Plan of Reorganization, receiving a report or reports by the Reorganization Committee of the action taken by them under the Plan and the orders of this Court to consummate the Plan, and taking any and all other action necessary to terminate these proceedings."

The wider reservation sought in appellants' motion read: "(49) The Court further reserves jurisdiction over the property vested in the Reorganized Company by this order, over the Reorganized Company, over the Trustees, and over all other parties to this proceeding, for the purpose of entering an appropriate order, upon application being made by any party in interest, to apply to the Debtor and its property the provisions of any legislation hereafter becoming law which by its terms would have affected the Debtor had not this order been entered."

Upon the oral argument appellants, however, narrowed the scope of their motion by limiting the "any legislation" to that which might be enacted by the present term of Congress.

The Court denied this motion. Appellants appealed. Appellees move to dismiss the appeal because (a) the order is not appealable; (b) the order was discretionary and the absence of abuse of discretion is so clear that the appeal should be dismissed as frivolous.[1] In the alternative appellees ask that the order appealed from be affirmed.

Chicago, Milwaukee, St. Paul and Pacific R. R. Co. Chronology is set forth in the footnote.[2]

---

[1] Pfister v. Northern Illinois Finance Corp., 317 U.S. 144, 63 S.Ct. 133, 87 L. Ed. 146; Wayne United Gas Co. v. Owens Co., 300 U.S. 131, 57 S.Ct. 382, 81 L.Ed. 557; Old Colony Co. v. Kurn, 8 Cir., 138 F.2d 394.

[2] 1928, Equity receivership in foreclosure of mortgage proceedings terminated in January.

1933, March 3. Amendment to Bankruptcy Act, 11 U.S.C.A. § 205, permitting reorganization of railroads.

1935, June 29. Present Section 77 proceedings instituted.

1937, December 16. Appellants intervened in these proceedings.

1940, February 12. Interstate Commerce Commission reported the plan of reorganization.
October 21. Plan approved by District Court, 36 F.Supp. 193.

1941, December 3. On appeal, plan approved in part and reversed in part by this Court, 124 F. 2d 754.

1943, March 15. Supreme Court affirmed plan with modifications. 318 U.S. 523, 63 S.Ct. 727, 87 L.Ed. 959.

Appellants are members of a protective committee, representing $7,500,000 of $119,307,300 preferred stock of the debtor company. The plan of reorganization (which wiped out this preferred stock) was approved by the District Court on June 30, 1944 (appeals dismissed by this court, and certiorari denied in 7 Cir., 145 F.2d 299 and 324 U.S. 857, 895 [3], 65 S.Ct. 860, 89 L.Ed. 1415), and was confirmed by the District Court, February 23, 1945. From this order of confirmation no appeal was taken. The property was turned over to the reorganized company on November 26, 1945, and no appeal was taken from the order authorizing that turnover. The effective date of the plan was January 1, 1944. The plan has been fully effected, and payments of dividends and interest have been made to the holders of the reorganized company's securities.

The reorganization plan entirely eliminated the $119,300,300 of preferred stock. It also destroyed property interests *superior* to that stock. General creditors having claims aggregating $766,583 received common stock having a value, on the date of the hearing, of $52,559. The plan as approved bore heavily on Adjustment Mortgage Bondholders who lost over $77,000,000 in interest, and on the balance of their principal and interest claims received common stock having the value of $64,440,058 on the date of the hearing of the motion, in full compensation for claims totalling $230,420,000. These bonds and claims were, of course, superior to the rights of preferred stockholders.

In the light of these facts, and the further significant fact that the peak of the railroad's recent spurt in financial prosperity is now behind it, and serious financial and other problems vex and perplex it, we feel one would have to be an "incorrigible optimist" to believe that the District Court should have retained jurisdiction of this already accomplished reorganization in the hope (1) that Congress would pass certain legislation, although it has failed to approve prior similar proposals, and (2) if it did, that the condition of the railroad would so improve as to give to appellants revitalized stock. Even if these two possibilities were probable realities there would remain the essential fact that the instant reorganization is a completed achievement, and that any change in the status of security holders is not now legally justifiable. We can not ascribe to the trial court an abuse of discretion in concluding that the tenuous hope of appellants failed to warrant a still further prolonged postponement of the closing of the reorganization proceedings. On the contrary we feel the facts justify no other conclusion.

The appeal of these preferred stockholders is, as it was when we were considering the plan which had the approval of the Interstate Commerce Commission and the District Court, not easily denied. But our decision may not be determined by our sympathy. The inquiry was into a mass of facts. An examination of the plan, which was submitted by the holders of the bonds, as disclosed by the report of the Interstate Commerce Commission and the

1944, January 1. Effective date of plan.
April 10. Plan modified by Commission.
June 30. District Court order approving final plan.
July 29. Appeal from approval.
October 31. Appeal dismissed by 7 Cir., 145 F.2d 299; certiorari denied, 324 U.S. 857, 895, 65 S.Ct. 860, 89 L.Ed. 1415.
1945, February 23. District Court order of Confirmation of Plan (no appeal).
May 22. Order of distribution of cash to certain creditors.

June 1. Cash distribution begun.
November 15. Interstate Commerce Commission approved acquisition of Debtor's property by Reorganized Company.
November 23. H.R. 4779 (Reed Bill) introduced in Congress.
November 25. Consummation Order (no appeal).
December 24. Appellants filed motion to modify November 26 order.
1946, January 3. Motion denied.
February 1. Appellants filed notice of instant appeal.

[3] Other appeals, 7 Cir., 124 F.2d 754; 318 U.S. 523, 63 S.Ct. 727, 87 L.Ed. 959.

lower court, reveals how thoroughly these facts have been collected and studied.

We are also of the view that the order attacked is nonappeable, inasmuch as it merely denied the motion to vacate the order of consummation. There is no appeal from the order itself.[4] We are not persuaded to the contrary by appellants' argument that its knowledge of the pending proposed legislation, acquired subsequent to entry of the consummation order, makes the general rule inapplicable, especially in view of the uncertainty of the passage of the Reed Bill, or any similar legislation, and of the relative equities of all the parties to the now effected reorganization.

Judge Evans presided in this case on April 12, 1946. He became seriously ill on April 30. Since that time he has been unable to participate in the proceedings of this court, and it is not probable that he will be able to do so at any time soon. The three judges who heard this case have been at all times in complete accord with the views expressed in this opinion.

The appeal is dismissed.

[4] In re Gelino's, Inc., 7 Cir., 51 F.2d 875; Bass v. Baltimore & O. Terminal Co., 7 Cir., 142 F.2d 779; Old Colony Trust Co. v. Kurn, 8 Cir., 138 F.2d 394; Pfister v. Finance Corp., 317 U.S. 144, 63 S.Ct. 133, 87 L.Ed. 146; Wayne United Gas Co. v. Owens Co., 300 U.S. 131, 57 S.Ct. 382, 81 L.Ed. 557; In re Witthoft, 7 Cir., 98 F.2d 972.