**In re ASUSA, INC., formerly known as Alexander Sagov (U.S.A.), Inc., Debtor.**

No. 84 Civ. 6135 (MJL).

United States District Court,
S.D. New York.

Jan. 23, 1985.

Bankruptcy court had authority to vacate dismissal of bankruptcy proceeding, which was based on finding of no assets, on debtor's former attorney's affidavit indicating that substantial asset of debtor had not been listed on asset schedule.

Moskowitz, Altman & Frankel, New York City, for appellant.

Monteverde, Hemphill, Maschmeyer & Obert by Jean C. Hemphill, Philadelphia, Pa., for The Bingswanger/Herman Co.

Booth, Marcus & Pierce by Peter D. Wolfson, Mary S. Zitwer, New York City, for Official Creditors Committee of Edmos Corp.

Otterbourg, Steindler, Houston & Rosen, P.C. by Mark A. Neporent, New York City, for Meinhard Commercial Corp.

## MEMORANDUM OPINION AND ORDER

LOWE, District Judge.

This is an appeal from an order of the bankruptcy court (The Honorable Howard Schwartzberg, J.). The order in question

vacated an order of dismissal under Fed.R. Civ.P. 60(b). Appellant argues that the court below was without power to vacate its dismissal. Appellees argue that the order was within the power of the court, that the bankruptcy court did not commit reversal error, or in the alternative that there should be a remand. For the reasons stated below we remand.

*Background*

In 1977, the debtor under the act, ASU-SA Inc.* ("ASUSA" or "Debtor") filed a petition for reorganization under Chapter XI of the Bankruptcy Act of 1898, as amended. At that time the bankruptcy court believed that the Debtor's only asset was real property which was fully mortgaged. The bankruptcy court lifted the automatic stay and allowed foreclosure of the mortgages. The bankruptcy court, believing the action to be a so called "no asset" case, dismissed the petition on October 5, 1978. The parties disagree on whether the proper notice procedure was followed by the bankruptcy court in dismissing the petition.

In January of 1984 the Debtor's former attorney filed an affidavit with the bankruptcy court indicating that a $112,500 asset of the Debtor had not been listed on the asset schedule which the Debtor filed in 1977. The asset was in the form of an account receivable. Apparently the collectability of the asset was in doubt because the debtor on the account was also in bankruptcy. However, by 1982 it became clear to ASUSA's former attorney that the asset would be collected. The Appellees claim that the attorney's affidavit to the court, two years later was occasioned by a fee dispute between ASUSA and its attorney.

Upon learning of the $112,500 asset the bankruptcy court held a hearing at which it accepted an oral motion to vacate the order of dismissal. The court granted the motion without making findings of fact ** and

---

* Formerly known as Alexander Sagov (U.S.A.), Inc.

** As we read the record, Judge Schwartzberg did not make a finding on whether ASUSA had committed a fraud on the court. He stated that a finding of fraud was not necessary to his holding. (R. 6 at 3).

without stating the specific legal grounds for the Order. The court stated "I think these are extenuating circumstances clearly within Rule 60(b) of the Federal Rules of Civil Procedure, as referred to by the Court of Appeals of the Second Circuit, in the *Emergency Beacon,* [666 F.2d 754 (2d Cir. 1981)] case which says that a Court may reverse itself when it was not apprised of facts which, had it known those facts, it would not have entered such an order." (R. 6 at 3).

ASUSA appeals the 60(b) order on the grounds that the one-year time limitation of Rule 60(b)(2) orders had run. Three creditors of the ASUSA filed a brief as appellees in which they argue that the bankruptcy court's order was proper or in alternative that the judge should have made findings of fact on the record. Accordingly, they ask us to affirm or to remand for a new record.

*Discussion*

ASUSA makes three major attacks on the bankruptcy court's ruling. First, it argues that the order of dismissal "divested the bankruptcy court of jurisdiction" thus the court had no authority to vacate its prior order. Brief of Appellant at 7. Second, it argues that the rights of the parties have irrevocably vested, thus the court was without power to vacate the dismissal. Finally, it argues that one-year limitation on orders under Rule 60(b) 1, 2 and 3 precludes the order.

■ We find little merit in Appellant's first argument. ASUSA cites *Collier On Bankruptcy* for the proposition that dismissal "has legal consequence[s] [including] . . . the revestment of title to property in the debtor, and of the divestment by the court of its jurisdiction over the debtor and its property wherever located. . ." *Collier, On Bankruptcy* § 11–42.07 (1981). While ASUSA's point is undoubtedly true, it misses the mark. The dismissal did revest in ASUSA its property rights and divest the court of jurisdiction over the property, however this is irrelevant to the instant appeal. The bankruptcy court simply reas-

sumed jurisdiction and divested ASUSA of its property.

■ ASUSA's argument then is not that the Court is without jurisdiction now, but rather that the Court did not have jurisdiction when it entertained the 60(b) motion. Since a dismissal always divests a court of jurisdiction, accepting ASUSA's argument would require this Court to rule that a court can never hear a 60(b) motion after a dismissal. Clearly that is not a correct statement of law. A court always has jurisdiction to determine its own jurisdiction. *Stoll v. Gottlieb,* 305 U.S. 165, 171, 59 S.Ct. 134, 137, 83 L.Ed. 104 (1938). Likewise, a court may hear a 60(b) motion after it has divested itself of jurisdiction. *Cf., Standard Oil Co. v. U.S.,* 429 U.S. 17, 97 S.Ct. 31, 50 L.Ed.2d 21 (1976).

■ ASUSA's second argument for reversal has no more appeal than its first. ASUSA, citing *in re Georgia Steel, Inc.,* 25 B.R. 790 and *Matter of Emergency Beacon Corp.,* 666 F.2d 754 (2d Cir.1981), argues that the bankruptcy court may not alter its previous order because the rights of the parties have vested. The requirement that there be no intervening vested rights, however, does not foreclose the bankruptcy court from simply reassuming jurisdiction. That requirement was only intended to avoid prejudice to a party who acts in reliance on the previous order. *See Wayne United Gas Co. v. Owens-Illinois Glass Co.,* 300 U.S. 131, 57 S.Ct. 382, 81 L.Ed. 557 (1937). The mere retaking of jurisdiction however does not interfere with any vested rights.

■ The bankruptcy court's mandate is to do equity. If, when considering the merits of the petition the bankruptcy judge finds that he cannot do equity because of intervening vested rights, then he will act accordingly. The decision of whether "the court will be able to reestablish the rights of the opposing party as they stood when the original judgment was rendered", *In Re Texlon Corp.,* 596 F.2d 1092, 1101 (2d Cir.1979), is in the first instance for the bankruptcy court in its sound discretion to

decide. The court may properly vacate its dismissal and later consider whether equity may be done under the circumstances. *Cf., Wayne United Gas Co. v. Owens-Illinois Glass Co.,* 300 U.S. 131, 57 S.Ct. 382, 81 L.Ed. 557 (1937).

ASUSA's final argument for reversal, however, has some merit. Fed.R.Civ.P. 60(b) states in pertinent part:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application, or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time and for reasons (1), (2), and (3) not more than one year after the judgment order, or proceeding was entered or taken.

Fed.R.Civ.P. 60(b).

The bankruptcy judge does not state on which section of the rule he relies. ASUSA argues that he must be relying on 60(b)(2) —newly discovered evidence. Thus, ASUSA contends that the court erred because the one year limitation on 60(b)(2) relief has run.

The appellees counter that the judge must have ruled under 60(b)(4) or (6). They point out that in his decision, Judge Schwartzberg cited *In Re Emergency Beacon,* 666 F.2d 754 (2d Cir.1981)—a case decided under 60(b)(6). They also argue that the judge may have ruled under 60(b)(4) because the judgment of dismissal was void. They contend that the court's failure to give proper notice of the dismissal to the creditors violated due process and was thus void within the meaning of 60(b)(4).

ASUSA argues that the judge could not have ruled under 60(b)(6) because 60(b)(6) is available only if none of the other five grounds listed in 60(b) are available. It contends that the $112,500 asset is newly discovered evidence thus 60(b)(2), with its one-year limitation, must be applied, not 60(b)(6). ASUSA's legal claims are correct, however, the judge below did not make any findings as to whether the asset was "newly discovered evidence." If the asset was not newly discovered evidence within the meaning of 60(b)(2) then 60(b)(6) may be available.

■ ASUSA also argues against application of 60(b)(4) on the ground that the clear language of the bankruptcy judge's ruling indicated that the ruling was based on 60(b)(6), not 60(b)(4). Reply brief for Appellant. It goes on to point out "Indeed, on page 14 of their Brief, Appellees *concede* that the Bankruptcy Court 'invoked F.R. C.P. 60(b)(6) [sic].'" *Id.* at 4. To say that appellees conceded that the ruling was under 60(b)(6) is to overstate their case. Appellees simply argued two inconsistent alternative positions—something which is proper and not uncommon in the federal system. Moreover, what was "conceded" is irrelevant. If we believed that 60(b)(4) provided support for the bankruptcy court's ruling we would affirm under Fed. R.Civ.P. 61, because a ruling under 60 (b)(6) would be harmless error.

■ ASUSA points out that "there never has been any finding of fact as to whether creditors had prior notice of the dismissal in 1978 ...." Reply Brief for Appellant at 4. We agree that in order to invoke 60(b)(4) the court must find that the prior judgment is void. Thus if 60(b)(4) is to sustain the order, the record is inadequate.

■ Clearly there are potential grounds under 60(b) for sustaining the court's order. Just as clearly there are grounds

under 60(b) which will not sustain the order. In either case there must be findings of fact. On the record before us we cannot affirm, nor can we say that Judge Schwartsberger erred. Under the circumstances we believe it appropriate to vacate the order under 60(b) and remand to the bankruptcy court for findings of fact and conclusions of law. This will allow the parties to properly brief the issues to the bankruptcy judge. On remand the court may again vacate the order of dismissal if it finds grounds under 60(b)(4) or (6) as discussed in this opinion.

The Order of the Bankruptcy Court is vacated and the case remanded for further proceedings not inconsistent with this opinion.

Remanded. No Costs.

It Is So Ordered.