**In re Paul BORG, Sally Borg, Debtors.**

**Bankruptcy No. 87–40134.**

United States Bankruptcy Court,
D. Montana.

Nov. 2, 1988.

476

Jerrold L. Nye, Billings, Mont., for debtors.

Malcolm H. Goodrich, Billings, Mont., for FCB.

Charles W. Hingle, Billings, Mont., for Bank of Sidney.

Dunlap & Caughlan, Butte, Mont., trustee.

## ORDER

JOHN L. PETERSON, Bankruptcy Judge.

At Butte in said District this 2nd day of November, 1988.

After due notice, a hearing was held September 14, 1988, on the Debtors' Motion to Delay Implementation of or Amend their Chapter 12 Plan and the Motions of the Trustee and the Montana Bank of Sidney to Dismiss this case. Subsequent to the hearing, the Debtors, the Farm Credit Bank (FCB) and the Montana Bank of Sidney (Bank), filed a Stipulation to Hold the Motion to Dismiss and Motion to Amend in Abeyance, until the appeal of this Court's confirmation Order of April 14, 1988, is completed.

In their Joint Stipulation the Bank, FCB and Debtors rely on the holding of *Matter of Combined Metals Reduction Co.*, 557 F.2d 179 (9th Cir.1977), in support of their motion for this Court's abeyance on the motions heard on September 14, 1988. In *Combined Metals*, the Ninth Circuit followed the general rule "that once a notice of appeal is filed, the lower court loses jurisdiction over the subject matter of the appeal". The Court in *Combined Metals* then went on to state that general rule also has an opposing general rule.

"Opposing this general rule is the well-established rule that a bankruptcy court has wide latitude to reconsider and vacate its prior decisions, so long as the proceedings have not been terminated, and no intervening rights have become vested which would be disturbed by a modification or reconsideration of the court's decision. *Pfister v. Northern Illinois Finance Co.*, 317 U.S. 144, 63 S.Ct. 133, 87 L.Ed. 146 (1942); *Wayne United Gas Co. v. Owens–Illinois Glass Co.*, 300 U.S. 131, 57 S.Ct. 382, 81 L.Ed. 557 (1937); *Commercial Credit Corp. v. Skutt*, 341 F.2d 177 (8th Cir.1965); *In re McGoldrick*, 121 F.2d 746 (9th Cir. 1941)." *Id.* at 200–01.

The Court then quoted from the United States Supreme Court decision of *Wayne United Gas Co. v. Owens–Illinois Glass Co.*, 300 U.S. 131, 57 S.Ct. 382, 81 L.Ed. 557 (1937), for the precedent that Bankruptcy Courts have the power to make decisions even on perfected appeal issues.

"In *Wayne Gas, supra,* the Supreme Court seemingly stated that a bankruptcy court can vacate its decision even after an appeal thereof has been perfected:

'A court of equity may grant a rehearing, and vacate, alter, or amend its decree, after an appeal has been perfected and after the time for appeal has expired, but not after expiration of the term at which the decree is entered. It is true the bankruptcy court applies the doctrines of equity, but the fact that such a court has no terms and sits continuously, renders inapplicable the rules with respect to the want of power in a court of equity to vacate a decree after the term at which it was entered has ended.

\* \* \* \* \* \*

But we think the court has the power, for good reason, to revise its judgments upon seasonable application and before rights have vested on the faith of its action. Courts of law and equity have such power, limited by the expiration of the term at which the judgment or decree was entered and not by the period allowed for appeal or *by the fact that an appeal has been perfected.* There is no controlling reason for denying a similar power to a court of bankruptcy or for limiting its exercise to the period allowed for appeal.' 300 U.S. at 136, 137, 57 S.Ct. at 385 (emphasis added, footnotes omitted).

This language arguably indicates that bankruptcy courts are not bound by the general rule that an appeal divests the lower court of the power to modify the order or decision being appealed." *Id.* at 201.

The *Combined Metals* court interpreted the holding of *Wayne Gas* to simply state that bankruptcy courts have very broad powers to reconsider their decisions. However, the Ninth Circuit did not believe that the District Court of Nevada was entitled to have concurrent jurisdiction over the subject matter that was on appeal to the Ninth Circuit. From this interpretation the Bank, FCB, and the Debtors believe that this Court may not have jurisdiction over the motions heard on September 14, 1988. This Court does not agree.

In *Combined Metals* the court was dealing with a situation where the Bankruptcy Court reversed an Order which had already been taken to a perfected appeal. Accordingly, the lower court divested the Appellate Court of any possible decision on the appeal. In this case, this Court's Order of Confirmation has been appealed, which has nothing to do directly with the motions currently before the Court. The motions before the Court deal with the continuing administration of this confirmed Chapter 12 case. There has not been a motion for a stay pending appeal filed by any party to this action despite the unambiguous directions set out by Bankruptcy Rule 8005. In *Combined Metals* the Court stated that a Trustee can act in accordance with the confirmation Order unless a stay has been granted an appeal.

"The practical necessities involved in a successful reorganization require that unless an order of the bankruptcy judge or the district judge is stayed pending appeal, the trustee's acts in accordance with that order should not thereafter be subject to reversal, even if the order is subsequently overturned on appeal." *Id.* at 189.

In this case the Trustee filed a Motion to Dismiss when the Debtors did not make their complete payment due under the Plan on June 1, 1988. Likewise, the Bank filed a Motion to Dismiss on the grounds of non-payment. Also, the Debtors have filed a Motion to Delay implement of their Plan due to the drought. Obviously, all parties in interest believed that the confirmed Chapter 12 Plan was to be administered despite the FCB's appeal. The Ninth Circuit Court of Appeals in *In re Roberts Farms, Inc.,* 652 F.2d 793 (9th Cir.1981), addressed its previous holding in *Combined Metals* and clarified certain aspects of that holding. In *Roberts Farms* the Court addressed the fact that Bankruptcy Courts and Trustees must continue to administer a confirmed Chapter 12 Plan even though the confirmed Order has been appealed, so long as the Order has not been stayed pending the appeal. The Court further addressed the fact that actions taken in administration of the case may render the appeal moot if a substantial change in circumstances has occurred. The *Roberts Farm* Court did not dispute the analysis they previously used in *Combined Metals,* but they distinguished the analysis when the issue of mootness is present.

"We do not dispute the accuracy of the foregoing analysis [in Combined Metals], but it seems completely inapposite to the instant case. In this case the property transactions do not stand independently and apart from the plan of arrangement. Here the many intricate and involved transactions, some of which were summarized in the letter (Appendix), were contemplated by the plan of arrangement (even to and including liquidation and

reorganization of the debtor corporation) and stand solely upon the order confirming the plan of arrangement for court approval and confirmation of the transactions." *Roberts,* at 797.

This Court likewise believes that the analysis set forth in *Combined Metals* is inapposite to this case. In this case, for whatever reason not apparent to the Court, a stay of the confirmation Order has not been obtained or even requested pending appeal. Accordingly, the Order of Confirmation is still in effect and matters ancillary to it are properly before this Court for decision. Therefore,

IT IS ORDERED that the Stipulation to Hold the Motion to Dismiss and Motion to Amend in Abeyance is rejected and the Motions will be decided by separate order of this Court.