## STANDARD STEEL WORKS v. AMERICAN PIPE & STEEL CORPORATION.

### No. 9408.

Circuit Court of Appeals, Ninth Circuit.

May 10, 1940.

Maurice C. Sparling and Spencer C. Olin, both of Los Angeles, Cal., for appellant.

Raphael Dechter and George T. Goggin, both of Los Angeles, Cal., for appellee.

Before WILBUR, DENMAN, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

On January 31, 1938, the appellant filed with the District Court its Petition for Reorganization under Section 77B of the Bankruptcy Act, Act of June 7, 1934, 48 Stat. 911, 912, as amended, 11 U.S.C.A. § 207, and the court on the same date entered its order approving the petition and continuing the appellant in possession of its properties. On February 10, 1938, the appellant filed its schedule of assets and liabilities, and listed the appellee as an unsecured creditor in the amount of $1,566.56. On February 21, 1938, the appellant filed a petition for an order to show cause why an attachment which appellee had previously levied on the bank account of appellant should not be dissolved. On the same day, February 21, 1938, the District Court made its order requiring all persons having claims against the appellant to file the same, duly verified, on or before March 15, 1938. The appellee never filed any verified claim as provided by that court order, although it is conceded that it received the proper notice.

On March 10, 1938, the appellee and other creditors filed a petition for liquidation, which petition was denied by the court. The petition for dissolution of the attachment came on for hearing shortly thereafter, and the court granted the same on March 24. Two days later, on March 26, a plan of reorganization was submitted, and notice was given on April 5 that the plan would be considered by the court on April 18.

The plan of reorganization was approved by the court on April 18, and on that date the court made its order that no further claims should be permitted to be filed "and are forever barred". The plan contemplated the formation of a new corporation to be known as Standard Steel Corporation or by a similar name, to which the assets of the debtor corporation should be assigned. The new corporation was to have 20,000 shares of first preferred stock, having a par value of $10 per share; 10,000 shares of second preferred stock; and 10,000 shares of common stock. The first preferred stock was to be issued to creditors holding approved claims against the debtor dollar for dollar in par value of said stock. Twenty-five hundred shares of the second preferred stock were to be sold to one Robert S. Burns for the sum of $25,000 and he was also to be issued 52% of the common stock.

On October 3, 1938, the District Court heard the appellant's Petition for Entry of Final Decree, and made its order reciting,

"That due notice of the hearing of said Debtor's said Petition herein has been given.

* * *

"That the Plan of Reorganization heretofore confirmed by this Court in this proceeding has been completely put into effect and all things upon the Debtor's part to be performed thereunder have now been performed."

The order discharged the appellant from all its debts and liabilities, except that a motion of one Clara Kuhrts for leave to intervene was referred to a special master.

Thereafter, on June 1, 1939, the District Court made its order discharging the appellant from all its debts and liabilities "to the extent that the Debtor has not heretofore, and under the said Order of this Court of October 3, 1938, been discharged from all of its debts and liabilities".

The appellee appealed to this court from the order of March 24, 1938, dissolving the attachment, and on March 20, 1939, this court affirmed the decision of the District Court. No other appeal was taken from any of the proceedings above outlined.

On September 13, 1939, approximately eleven months after the hearing on the appellant's petition for entry of a final decree, the appellee petitioned the District Court for an order to show cause why an order should not be made directing the appellant to recognize appellee as a creditor and directing it to include appellee in its plan of reorganization. The order to show cause was issued, and a copy of the petition and order were served on appellant. No other service of the order and petition was made. At the hearing of the motion no evidence was introduced, and the court on November 25, 1939 made its order reciting: "The Court Finds that the American Pipe

& Steel Corporation filed or evidenced its claim of indebtedness against the above named debtor in the amount of Fifteen Hundred Sixty-six and '56/100 ($1566.56) Dollars as required by Section 77 [B]-c, Subdivision 6 thereof, of the Bankruptcy Act [11 U.S.C.A. § 207, sub. c (6)] within the time prescribed by the order of this Court of February 21, 1938, for the filing or evidencing of claims against the said debtor." The court thereupon vacated and set aside its orders of October 3, 1938, and June 1, 1939, above referred to, and re-opened the estate for further administration "until such time as the orders [therein-after] set forth have been fully complied with". The court further ordered: "That the Standard Steel Works, the above named debtor, be, and it is hereby, ordered and directed to forthwith cause to be issued, turned over, and delivered to the American Pipe & Steel Corporation its proportionate number of shares of stock in the newly formed corporation of the above named debtor, to wit, Standard Steel Corporation, to the extent of its approved and allowed claim in the amount of $1566.56, and to further pay any, and all dividends that may have been declared and issued on the said stock of said corporation. * * *" The court also ordered the newly formed corporation to issue and deliver to the appellee $1,566.56 of its stock in the same manner as stock in the said corporation was issued and delivered to other creditors of the appellant.

The present appeal is from the order of November 25, 1939.

In Wayne United Gas Co. v. Owens-Illinois Glass Co., 300 U.S. 131, 137, 57 S.Ct. 382, 81 L.Ed. 557, the Supreme Court decided that a Federal District Court's power to grant a rehearing and to vacate, alter or amend its decree in a bankruptcy proceeding is not terminated by the ex-piration of the term at which the order was made or by the expiration of the time for appeal. Appellee in supporting the District Court's order relies strongly on the cited case, and further upon the general proposition that the granting of a rehearing is within the court's sound discretion.

◼ We do not think it can be questioned that the District Court may, in its discretion, grant a rehearing if no inter-vening rights will be prejudiced by its action, upon an application diligently made. However, in the principal case it is our opinion and we hold that the District Court's order appealed from constituted an abuse of discretion, in view of the certainty of prejudice to third parties, and the delay of appellee in presenting its claim.

From the above recital of facts it appears that the plan of reorganization had been in operation for over eleven months before the appellee petitioned for recognition as a creditor. The disinterested third party had invested $25,000 in cash in the new corporation and by taking common stock and second preferred stock had subordi-nated his claim to that of the creditors who took first preferred stock.

Appellee argues that he cannot be charged with laches at least prior to the termination of his appeal to this court from the order dissolving his attachment. With-out deciding whether or not this would be a sufficient excuse for appellee's delay, suffice it to say that six months elapsed be-tween the time of our decision on appeal and appellee's petition to be recognized as a creditor.

◼ There is another reason why the order of the District Court appealed from must be reversed. Neither the Standard Steel Corporation, the newly formed cor-poration organized pursuant to the plan of reorganization, nor Robert S. Burns was made a party to the order to show cause and neither party was served with any no-tice thereof. Both of these parties were necessary parties, as a full determination of the rights of appellant and appellee could not be made without affecting them. In fact, the order attempted to direct this newly formed corporation to issue and de-liver the stock to the appellee.

◼ Another provision of the order ap-pealed from was a direction to the appel-lant to cause the newly formed corporation to issue and deliver the stock to appellee. The appellant has no control over the new-ly formed corporation, and could not com-ply with said order.

No question has been raised as to any possible effect of the new Federal Rules of Civil Procedure, 28 U.S.C.A. following sec-tion 723c, on these proceedings, and we ex-press no opinion in regard thereto.

The order of the District Court appealed from is reversed, with instructions to dis-miss appellee's petition.