**Adeline FRASCH, Appellant,**

v.

**Thomas C. WILSON and Sally B. Wilson, Appellees.**

**No. 22234.**

United States Court of Appeals
Ninth Circuit.

June 3, 1969.

Albert M. Leddy (argued), of Bradley, Wagy, Bunker, Hislop & Gibbons, Bakersfield, Cal., for appellant.

Gilbert N. Mueller (argued), Santa Ana, Cal., for appellees.

Before HAMLEY and BROWNING, Circuit Judges, and McNICHOLS, District Judge [*].

HAMLEY, Circuit Judge:

Mrs. Adeline Frasch appeals from an order of the district court affirming the order of a referee in bankruptcy who, in the exercise of summary jurisdiction, directed appellant to turn over to the trustee in bankruptcy a certain promissory note secured by a deed of trust. Appellant contends that the referee was without jurisdiction over her in a summary proceeding and that, on the merits, the trustee was not entitled to the turnover order.

On December 6, 1966, the trustee in bankruptcy for Thomas C. Wilson and Sally B. Wilson, his wife, applied to the referee for an order requiring Mrs. Frasch to turn over to the trustee a note and deed of trust, signed by R. A. Diedrich and V. J. Shrader, given to Mrs. Frasch by the bankrupt as security for a note to her signed by the bankrupt. The trustee alleged that to permit Mrs. Frasch to keep the Diedrich-Shrader note and deed of trust would be to allow her to retain a preferential transfer to which she was not entitled.

An amended order to show cause was issued by the referee on December 9, 1966, and served upon Mrs. Frasch on December 15, 1966. This order set the turnover application for hearing on December 20, 1966, and provided that if Mrs. Frasch desired to contest the application, her response and answer had to be filed and served at least two days prior to the date of hearing. On Monday, December 19, 1966, Mrs. Frasch's attorney, Philip M. Wagy, arranged over the telephone with the trustee in bankruptcy, John P. Stodd, or the latter's attorney, Gilbert N. Mueller, for a continuance of the show cause proceeding to a day satisfactory to the referee.

[*] The Honorable Ray McNichols, United States District Judge for the District of Idaho, sitting by designation.

Relying upon this arrangement, Mrs. Frasch's attorney did not file a response and answer on behalf of Mrs. Frasch prior to the December 20, 1966 hearing; nor did she or her attorney appear at the hearing. At the outset of that hearing the clerk of the court announced that the matter was to be continued. The trustee's attorney, Mueller, confirmed this, saying: "That's to be continued. Could we have February first on that?" The referee agreed to a continuance to February 1, 1967.

Mueller then said: "And may we have an order of jurisdiction on the Wilson matter also?" The referee agreed to Mueller's request. Accordingly, on December 22, 1966, the referee entered an order continuing the hearing on the turnover application to February 1, 1967 and decreeing that the court "has summary jurisdiction to hear and decide this matter." Copies of the order of December 22, 1966, were immediately mailed to Mrs. Frasch and her attorney.[1] Mrs. Frasch did not petition the district court to review this order, pursuant to section 39(c) of the Bankruptcy Act, 11 U.S.C. § 67(c) (1964).

Mrs. Frasch signed and served her answer to the show cause order, with attached exhibits and the supporting affidavit of her attorney, on January 25, 1967. These papers were filed on January 30, 1967. In her answer Mrs. Frasch asserted, in effect, that the bankruptcy court did not have summary jurisdiction in the matter because she held actual possession of the Diedrich-Shrader note and deed of trust adversely to the bankrupts under a substantial claim of right, and she came into possession thereof prior to the bankruptcy. She also alleged that the provision of the referee's order of December 22, 1966, decreeing that the bankruptcy court had summary jurisdiction to hear and decide the matter, was inconsistent with the agreed-upon continuance and, having been entered without notice

and an opportunity to be heard, deprived her of due process of law.

At the hearing on February 1, 1967, the referee declined to consider Mrs. Frasch's objection to the court's summary jurisdiction saying: "You're here now, and the Court has already made its order that it had summary jurisdiction." In findings of fact thereafter entered, the referee recited that the order decreeing that the court had summary jurisdiction was served on Mrs. Frasch and her attorney on December 20, 1966 (see note 1), and that no petition for review of that order had been filed. This, and a conclusion of law to like effect, indicates that the referee declined to consider the matter of summary jurisdiction at the February 1, 1967 hearing because he believed Mrs. Frasch's failure to seek a district court review of the December 22, 1966 order closed the matter of summary jurisdiction.

The referee also found and concluded, on the merits, that the trustee was entitled to a turnover order. The order was entered on March 30, 1967, and Mrs. Frasch petitioned the district court to review that order. In her petition of review she again asserted that the referee had erred in decreeing that the bankruptcy court had summary jurisdiction, urging the same grounds as stated in her answer to the show cause order. In its order affirming the referee's order of March 30, 1967, the district court rejected these arguments on the following grounds:

"Petitioner was given adequate notice of the hearing on the order to show cause (11 U.S.C. § 54 [sic § 94];

"Petitioner did not file timely objection to the jurisdiction of the bankruptcy court, nor seek timely review of the determination thereof;

"There having been no assignment to the petitioner of the note and trust deed, said instruments passed into the constructive possession of the bank-

---

1. The proof of service recites that the order was mailed on December 20, 1966. If it was mailed on that date it was an invalid copy, because the order was not signed and filed until December 22, 1966.

ruptcy court, and that court had summary jurisdiction to determine rights of the parties. * * * "

■ In their briefs filed in this court the parties do not discuss the question of whether an interim order of a referee, decreeing that he had summary jurisdiction to consider at a future hearing an application for a turnover order, is a final order subject to the ten-day review provision of section 39(c) of the Bankruptcy Act. We shall therefore assume, without deciding, that such an order is final and subject to immediate review by the district court.[2]

■ Mrs. Frasch's answer to the show cause order constituted, among other things, a request for a rehearing on the question of summary jurisdiction. It has not been suggested that the intervening rights of any other person would have been prejudiced by a reconsideration of that question even if such reconsideration would have resulted in the vacating of the order decreeing that summary jurisdiction existed. This being the case, the referee, in the exercise of his discretion, could have granted such a rehearing, notwithstanding the failure of Mrs. Frasch to petition for a district court review of the order of December 22, 1966. See Wayne United Gas Co. v. Owens-Illinois Glass Co., 300 U.S. 131, 137, 57 S.Ct. 382, 81 L.Ed. 557; Standard Steel Works v. American Pipe & Steel Corp., 9 Cir., 111 F.2d 1000, 1002.

In *Wayne* and *Standard Steel Works* it was held that the district court had jurisdiction to reconsider a decree in bankruptcy, notwithstanding the failure to

appeal, where no intervening rights were involved. By analogy, we believe the same principle applies where a referee in bankruptcy is asked to reconsider an order in a case still pending before him.

■ Under the circumstances of this case, as described above, the refusal of the referee to reconsider the matter of summary jurisdiction was, in our opinion, an abuse of discretion which the district court should have recognized and should have corrected by remanding the matter to the referee.

■ The decretal provision of the December 22, 1966 order, adjudicating summary jurisdiction, was in obvious disregard of the continuance which had been agreed upon, since the question of summary jurisdiction would have been an appropriate issue in the continued hearing.[3] The result was that summary jurisdiction was decreed without notice to Mrs. Frasch and without an opportunity to be heard thereon. The due process implications are obvious. See Bradley v. St. Louis Terminal Warehouse Co., 8 Cir., 189 F.2d 818, 824.

■ As indicated at the outset of the opinion and in the quoted portion of the court's order the court, after rejecting Mrs. Frasch's challenge to the summary jurisdiction of the bankruptcy court, held against her on the merits, and affirmed the turnover order of the referee. But, while the parties argue the merits in their briefs, we do not reach that question. If the bankruptcy court is without summary jurisdiction, the merits of the controversy are for decision by a state court not a federal court.

2. The fact that Mrs. Frasch did not withdraw from the proceedings before the referee but stayed to contest the turnover application on the merits, while at the same time persisting in her view that the referee was without jurisdiction, did not constitute a waiver of her challenge to the court's summary jurisdiction. See Cline v. Kaplan, 323 U.S. 97, 100, 65 S.Ct. 155, 89 L.Ed. 97; Henkin v. United States, 2 Cir., 229 F.2d 895, 897.

3. The continuance of the hearing automatically extended the time for serving and filing an answer since, under the original order of December 9, 1966, it was not required to be served and filed until two days before the hearing. The date of service of the answer does not appear in the record because, in the proof of service executed on January 25, 1967, the day of the month on which service was made was left blank. However, no contention has been made that the answer was not served at least two days before the hearing on February 1, 1967. The answer was filed on January 30, 1967, and the filing was therefore timely.

The district court order is reversed and the cause is remanded to the district court with directions to transfer the cause to the referee to hear and determine the question of whether the bankruptcy court has summary jurisdiction in this matter. From such determination as sustained or rejected by the district court, either party may appeal to this court upon the present record and briefs, appropriately supplemented, in which event all questions raised on this appeal will be ripe for consideration.