980 F.2d 734
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Oris J. GLASS, also known as O.J. Glass, also known as
Barney Glass; Leourieta B. Glass, also known as
Rita Glass, Appellants,
v.
FIRST BANK SYSTEM, INC,; First Bank of South Dakota;
Dennis Holzwarth, Trust Officer to First Bank of South
Dakota; Richard Shane, Trustee; Vance R.C. Goldammer;
Terry Prendergast; Boyce, Murphy, McDowell & Greenfield;
Roger W. Damgaard; Woods, Fuller, Shultz & Smith; Rory M.
Barth; Lacey & Barth, Appellees.
 No. 92-2189.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 9, 1992.
Filed: December 14, 1992.
 
 Before FAGG, BOWMAN, and WOLLMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Oris J. Glass and Leourieta B. Glass appeal from the district court's[1] order granting several defendants involved in Oris Glass's bankruptcy case summary judgment on the basis of res judicata, and awarding defendants sanctions under Fed. R. Civ. P. 11. We affirm.
 
 
 2
 In 1986 Oris Glass filed a voluntary Chapter 11 bankruptcy petition in South Dakota. The bankruptcy court entered an order approving an agreement that settled a creditor's claims against the Glasses, and later amended the agreement. In several subsequent orders, the bankruptcy court approved the final disbursement of funds in the bankruptcy estate, compensation of First Bank of South Dakota and the trustee, discharge of the trustee, and, in September 1989, the final dismissal of the Chapter 11 proceedings. Glass did not appeal any of the bankruptcy court's orders.
 
 
 3
 In January 1992 the Glasses filed this complaint against several attorneys and their law firms, First Bank and its officers, and the bankruptcy trustee, arising from their actions in Glass's bankruptcy proceedings. The Glasses alleged negligence, deceit, misrepresentation, fraud, and "aiding and abetting." The Glasses sought compensatory and punitive damages, and requested a jury trial.
 
 
 4
 Defendants moved for summary judgment on the basis of res judicata and sought sanctions under Fed. R. Civ. P. 11. The Glasses opposed the motions and moved to vacate several bankruptcy court orders, including those orders dismissing the Chapter 11 case, discharging the trustee, and approving the settlement, on the basis of newly discovered evidence.
 
 
 5
 Following a hearing, the district court denied the motions to vacate, concluding that such motions should have been brought before the bankruptcy court, and in any event, they were untimely under Fed. R. Civ. P. 60(b) (for fraud or newly discovered evidence, motion must be brought within one year). The court granted defendants summary judgment, concluding the Glasses' claims were barred by res judicata and collateral estoppel. The district court also awarded the bank defendants $500 and the attorney defendants $500 in Rule 11 sanctions, concluding that the Glasses' claims were frivolous.
 
 
 6
 The Glasses raise twelve points of error on appeal, including that the bankruptcy court proceedings were unfair and biased, the sanctions awards were improper, and it was error to grant summary judgment and deny relief on the basis of Rule 60(b). The other issues were not raised in the district court.
 
 
 7
 The district court properly denied the motions to vacate the bankruptcy orders. Bankruptcy Rule 9024 makes Fed. R. Civ. P. 60(b) applicable to bankruptcy proceedings, with certain exceptions not relevant here. See In Re Salem Mortgage Co., 791 F.2d 456, 458 (6th Cir. 1986). For claims of fraud or newly discovered evidence, Rule 60(b) requires a motion within a reasonable time not to exceed one year after the judgment was entered. Hendrick v. Avent, 891 F.2d 583, 588 (5th Cir.), cert. denied, 111 S. Ct. 64 (1990); In re ASUSA, Inc., 47 B.R. 928, 931 (Bankr. S.D.N.Y. 1985). Here, the Glasses filed their motions to vacate the bankruptcy court's orders in excess of two years after judgment was entered. They contended that they acted as soon as they learned about Judge Ecker's ex parte telephone conversation evidencing his bias. The district court noted that the Glasses admitted at oral argument that the facts upon which they based their claims were available to them at the time of the bankruptcy, but that they did not act because their creditors "threatened" them with extending the bankruptcy proceedings. The district court properly found that excuse unavailing.
 
 
 8
 Because Oris Glass had an opportunity to effectively litigate these claims in the bankruptcy court, a collateral attack on the bankruptcy orders is barred by res judicata. See Hendrick, 891 F.2d at 586-89. Glass was represented by counsel throughout the bankruptcy proceedings and received notice of all pending actions.
 
 
 9
 We review all aspects of a district court's Rule 11 decision under an abuse of discretion standard. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990). Where the pleadings are frivolous, legally unreasonable, or without factual foundation, Rule 11 sanctions are appropriate. Hartman v. Hallmark Cards, Inc., 833 F.2d 117, 124 (8th Cir. 1987). The district court did not abuse its discretion in awarding sanctions.
 
 
 10
 We need not consider issues raised for the first time on appeal. See Diamonds Plus v. Kolber, 960 F.2d 765, 768 (8th Cir. 1992).
 
 
 11
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable John B. Jones, Chief Judge, United States District Court for the District of South Dakota